### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **RELIABLE CARRIERS, INC.,**<br><br>　　　　　　　　**Plaintiff,**<br><br>vs.<br><br>**MOVING SITES, LLC,**<br><br>　　　　　　　　**Defendant.** | Civil Action No. 2:17-cv-10971<br><br>Hon. |

## COMPLAINT

Plaintiff, Reliable Carriers, Inc. ("Reliable" or "Plaintiff") brings this Complaint for injunctive relief, monetary damages, and all other appropriate remedies against Defendant Moving Sites, LLC ("Defendant"). For its Complaint, Reliable alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition in violation of §43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1125(a), and MICH. COMP. LAWS § 429.42 *et seq.*; for trademark dilution in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); Reliable seeks all appropriate relief, including an order requiring Defendant to cease all uses of Reliable's famous trademark.

2. This action arises out of Defendant's knowing and willful violation of Plaintiff's rights in its famous and distinctive trademark, RELIABLE CARRIERS

(the "Mark"), caused by Defendant's use in commerce of business names confusingly similar to Reliable's famous and distinctive Mark to promote Defendant's business.

3. Defendant's unlawful acts have caused and continue to cause consumers to believe that Reliable is affiliated with other companies whose names infringe on Reliable's Mark, thus jeopardizing the goodwill associated with the Mark, unjustly enriching Defendant, who benefits from publishing the names of those other companies, and causing confusion for consumers seeking the services of Reliable on which they have come to depend.

4. On information and belief, Defendant's unlawful acts have lessened the capacity of the Mark to identify and distinguish the services Reliable provides under the Mark, thus diluting the Mark's distinctive quality.

5. In addition, on information and belief, Defendant has intentionally profited from its unauthorized use of the Mark and has made unauthorized commercial use of the Mark in Michigan and elsewhere to its benefit and to the detriment of Reliable and of consumers, in violation of the laws set forth above.

**THE PARTIES**

6. Plaintiff Reliable is a corporation organized and existing under the laws of Michigan, with its principal place of business in Canton, Michigan. For over 40 years, Reliable has provided safe, high quality transportation of

automobiles, including specialized automobile transportation. Reliable provides automobile transportation services throughout the United States.

7. Defendant is an Ohio limited liability company that develops and manages websites "in niche industries or locations, that create a central hub for community generated content."

8. One such website developed and managed by Defendant is www.transportreviews.com.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. §§ 1121 and 1125(d), and under 28 U.S.C. §§ 1331, 1337 and 1338. This Court has jurisdiction over Plaintiff's state law claim under 28 U.S.C. §§ 1338(b) and 1367(a), as well as under general principles of supplemental and pendent jurisdiction.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because, upon information and belief, a substantial part of the events giving rise to the claims occurred in the Eastern District of Michigan.

**FACTS ENTITLING RELIABLE TO RELIEF**

**A. Reliable's Widespread and Substantial Use of the Mark**

11. Since its founding over 50 years ago, Reliable has enjoyed a reputation as one of the premier automobile transportation services in the country.

That reputation is largely based on the quality and reliability of the services it provides.

12. Reliable has invested significant resources to develop and foster the reputation, recognition, and goodwill associated with the Mark. Reliable's efforts include extensive advertising campaigns and promotional efforts involving the Mark, including on the Internet via its domain name and website.

13. Since 1983, Reliable has used the Mark to identify it as the provider of transportation services. In addition, Reliable has obtained federal trademark registration of the Mark. *See* U.S.P.T.O Registration No. 3771457; *see also* U.S.P.T.O Registration Nos. 3367793 and 3387599.

14. As a result of Reliable's history and experience providing high quality services, and as a result of the continuous and extensive advertising, promotion, and performance of services under the Mark, the Mark has acquired substantial value and fame in the United States.

15. Further, the Mark is widely recognized by consumers in the transportation industry, and has acquired enormous goodwill as a Mark identifying high quality and reliable services. Indeed, the Mark is distinctive such that consumers in the industry recognize that services provided under the Mark were performed by Plaintiff.

**B.      Defendant's Unlawful Uses of Plaintiff's Mark**

16. Reliable has never authorized Defendant to use its Mark or any similar marks.

17. Defendant has knowingly and willfully violated Plaintiff's rights in its famous and distinctive Mark by using in commerce the names of confusingly similar businesses, including, but not limited to, RCT RELIABLE CAR TRANSPORT LLC, RELIABLE AUTO SHIPPERS, RELIABLE AUTO TRANSPORT CARRIERS, and RELIABLE ELITE AUTO CARRIERS (hereinafter collectively the "Infringing Uses").

18. In or around November 2016, Reliable became aware of Defendant's Infringing Uses of Reliable's Mark.

19. Following an investigation, Reliable contacted Defendant on November 28, 2016, requesting that the Infringing Uses cease.

20. Despite having been notified that its continued, unauthorized Infringing Uses constitute actionable trademark infringement, Defendant persists in its unlawful use of the Reliable Mark by actively advertising its business and displaying infringing marks on its website.

21. On information and belief, Defendant's Infringing Uses have been and continue to be of commercial value to Defendant.

22. On information and belief, at the time Defendant began its Infringing Uses, and at all times thereafter, it was aware, or had reason to know, of Reliable's rights in the Mark and domain name, and knew that the Mark is distinctive and has become famous and valuable.

23. Defendant's Infringing Uses lessen the capacity of Reliable's Mark to identify and distinguish the services provided by Reliable under the Mark and, thus, dilute the distinctive quality of the Mark and damage the reputation, recognition, and goodwill consumers associate with Reliable's services.

24. On information and belief, Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

25. For the foregoing reasons, Defendant's Infringing Uses have caused and likely will cause injury to Reliable and to the goodwill and value of its Mark.

## COUNT I
### (Federal Trademark Infringement and Unfair Competition in Violation of Section 43(a) of the Lanham Act)

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-25 above.

27. Defendant's Infringing Uses violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because such actions constitute willful and deliberate use in commerce of Plaintiff's Mark, which are likely to cause confusion, mistake, and deception as to the origin, sponsorship, or approval by Reliable of products and

services promoted by Defendant and its Infringing Domain Name, and which accordingly constitute unfair competition and infringement of Plaintiff's Mark.

28. On information and belief, Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

29. Defendant's violation of this statute has irreparably damaged Reliable, and Reliable has no adequate remedy at law. Unless enjoined, Defendant will continue the Infringing Uses, further injuring Reliable and the public.

30. On information and belief, Defendant has received substantial revenues and substantial profits as a result of the Infringing Uses, to which Defendant is not entitled, and Reliable has also suffered damages as a result of Defendant's Infringing Uses, for which Defendant is responsible.

## COUNT II
**(Federal Trademark Dilution in Violation of Section 43(c) of the Lanham Act)**

31. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-30 above.

32. Defendant's Infringing Uses violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Defendant's use in commerce of the Infringing Uses, which commenced after Reliable's Mark became famous, are likely to cause, and have caused, dilution of the distinctive quality of Reliable's famous Mark.

33. On information and belief, Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

34. Reliable has been, and continues to be, irreparably damaged by the violation of this statute, and it has no adequate remedy at law.  Unless enjoined, Defendant will continue the Infringing Uses, further injuring Reliable and the public.

## COUNT III
**(Trademark Infringement in Violation of Mich. Comp. Laws § 429.42)**

35. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-34 above as if fully set forth herein.

36. Defendant's unauthorized use of the Mark violates Mich. Comp. Laws, § 429.42 *et seq.*, because such actions constitute reproduction, copying, or colorable imitation of the Mark in an advertisement for services intended to be sold for profit in the State of Michigan.  Defendant's official website, is available to customers in Michigan, and solicits business from Michigan residents.

37. On information and belief, Defendant engaged in the unlawful Infringing Uses with knowledge that such conduct was intended to create confusion or to deceive.

38. Reliable has been, and continues to be, irreparably damaged by the violation of this statute, and it has no adequate remedy at law.  Unless enjoined, Defendant will continue the Infringing Uses, further injuring Reliable and the public.

39. On information and belief, Defendant has received substantial revenues and substantial profits as a result of the Infringing Uses, to which Defendant is not entitled, and Reliable has also suffered damages as a result of the Infringing Uses, for which Defendant is responsible.

## PRAYER FOR RELIEF

WHEREFORE, Reliable Carriers, Inc. respectfully seeks the following relief:

1. Enjoin and restrain Defendant, its agents, servants, affiliates, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

a) Using without authorization Plaintiff's RELIABLE CARRIERS Mark or any other name, logo, mark or design that that is confusingly or deceptively similar to the Mark, either alone or in conjunction with other words or symbols, as a part of any services performed, advertised or displayed by Defendant, or in any other manner; and

b) Using the words "reliable" and "carrier" in any combination or any form or manner that would tend to identify or associate companies that infringe on the Mark with Plaintiff, including, without limitation, in the marketing, promotion, advertising, identification, or review of services, or in any other manner;

2. Require Defendant, pursuant to 15 U.S.C. § 1118 to destroy all Internet content, metadata, and any other items in its possession or control which contain the infringing mark or any term confusingly or deceptively similar to the Mark, either alone or in combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

3. Require Defendant to file with the Court and to serve on Reliable, within thirty (30) days after the entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

4. Require Defendant to pay to Reliable an amount yet to be determined to compensate Reliable for all damages sustained as a result of Defendant's unlawful conduct described above, plus interest thereon, and require with respect to damages resulting from infringement or dilution of the Mark or from unfair competition under the Lanham Act that such damages be trebled pursuant to 15 U.S.C. § 1117;

5. Require Defendant to account for and pay to Reliable all the profits derived by Defendant resulting from its use of Plaintiff's Mark, including, but not limited to any advertising revenue generated by the Infringing Domain Name, or any other domain names confusingly similar to or containing the Mark;

6. Award Reliable the costs of suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and Michigan law;

7. Award prejudgment interest on all liquidated sums; and

8. Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

/s/ Michael A. Sneyd
By: Michael A. Sneyd  (P52073)
   Katherine F. Cser (P79815)
*Attorneys for Plaintiff Reliable Carriers, Inc.*
500 Woodward Avenue, Suite 2500
Detroit, Michigan  48226
(313)  961-0200
mas@krwlaw.com
kcser@kerr-russell.com

Dated:  March 28, 2017