## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **RELIABLE CARRIERS, INC.,**<br><br>                        **Plaintiff,**<br><br>   vs.<br><br>**MOVING SITES, LLC,**<br><br>                        **Defendant.** | Civil Action No. 2:17-cv-10971<br><br>Hon. Sean F. Cox |

## FIRST AMENDED COMPLAINT

Plaintiff, Reliable Carriers, Inc. ("Reliable" or "Plaintiff") brings this First Amended Complaint for injunctive relief, monetary damages, and all other appropriate remedies against Defendant Moving Sites, LLC ("Defendant"). For its First Amended Complaint, Reliable alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition in violation of §43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1125(a), and MICH. COMP. LAWS § 429.42 *et seq.*; for trademark dilution in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); Reliable seeks all appropriate relief, including an order requiring Defendant to remove all references, publications and uses of Reliable's famous trademark, including every instance that Defendant has allowed Reliable's famous trademark to be affixed, applied, annexed or used on websites controlled by Defendant.

2. This action arises out of Defendant's knowing and willful violation of Plaintiff's rights in its famous and distinctive trademark, RELIABLE CARRIERS (the "Mark"), caused by Defendant publishing and promoting business names confusingly similar to Reliable's famous and distinctive Mark to further Defendant's business.

3. Defendant's unlawful acts have caused and continue to cause consumers to believe that Reliable is affiliated with other companies whose names infringe on Reliable's Mark, thus jeopardizing the goodwill associated with the Mark, unjustly enriching Defendant, who benefits from publishing the names of those other companies, and causing confusion for consumers seeking the services of Reliable on which they have come to depend.

4. On information and belief, Defendant's unlawful acts have lessened the capacity of the Mark to identify and distinguish the services Reliable provides under the Mark, thus diluting the Mark's distinctive quality.

5. In addition, on information and belief, Defendant has intentionally profited from the unauthorized publication and use of the Mark and has made unauthorized commercial use of the Mark in Michigan and elsewhere to its benefit and to the detriment of Reliable and of consumers, in violation of the laws set forth above.

**THE PARTIES**

6. Plaintiff Reliable is a corporation organized and existing under the laws of Michigan, with its principal place of business in Canton, Michigan. For over 40 years, Reliable has provided safe, high quality transportation of automobiles, including specialized automobile transportation. Reliable provides automobile transportation services throughout the United States.

7. Defendant is an Ohio limited liability company that develops and manages websites "in niche industries or locations, that create a central hub for community generated content."

8. One such website developed and managed by Defendant is [www.transportreviews.com](www.transportreviews.com).

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. §§ 1121 and 1125(d), and under 28 U.S.C. §§ 1331, 1337 and 1338. This Court has jurisdiction over Plaintiff's state law claim under 28 U.S.C. §§ 1338(b) and 1367(a), as well as under general principles of supplemental and pendent jurisdiction.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because, upon information and belief, a substantial part of the events giving rise to the claims occurred in the Eastern District of Michigan.

## FACTS ENTITLING RELIABLE TO RELIEF

### A. Reliable's Widespread and Substantial Use of the Mark

11. Since its founding over 50 years ago, Reliable has enjoyed a reputation as one of the premier automobile transportation services in the country. That reputation is largely based on the quality and reliability of the services it provides.

12. Reliable has invested significant resources to develop and foster the reputation, recognition, and goodwill associated with the Mark. Reliable's efforts include extensive advertising campaigns and promotional efforts involving the Mark, including on the Internet via its domain name and website.

13. Since 1983, Reliable has used the Mark to identify it as the provider of transportation services. In addition, Reliable has obtained federal trademark registration of the Mark. *See* U.S.P.T.O Registration No. 3771457; *see also* U.S.P.T.O Registration Nos. 3367793 and 3387599.

14. As a result of Reliable's history and experience providing high quality services, and as a result of the continuous and extensive advertising, promotion, and performance of services under the Mark, the Mark has acquired substantial value and fame in the United States.

15. Further, the Mark is widely recognized by consumers, and has acquired enormous goodwill as a Mark identifying high quality and reliable

services. Indeed, the Mark is distinctive such that consumers recognize that services provided under the Mark were performed by Plaintiff.

### B. Defendant's Unlawful Uses of Plaintiff's Mark

16. Reliable has never authorized Defendant – or entity that Defendant has allowed to post content to the websites it controls – to use the Mark or any similar marks, nor has Reliable authorized Defendant to cause infringing material to be posted by others.

17. Defendant has knowingly and willfully violated Plaintiff's rights in its famous and distinctive Mark by publishing the names and business information of businesses with names that are confusingly similar to the Mark, including, but not limited to, RCT RELIABLE CAR TRANSPORT LLC, RELIABLE AUTO SHIPPERS, RELIABLE AUTO TRANSPORT CARRIERS, and RELIABLE ELITE AUTO CARRIERS (hereinafter collectively the "Infringement") on www.transportreviews.com, a website entirely under Defendant's control.

18. Further, Defendant has knowingly caused false representations to be used in connection with goods and services in commerce by allowing its website www.transportreviews.com to display the names and business information of Plaintiff's competitors that are engaging in trademark infringement.

19. Defendant has knowingly and willfully violated Plaintiff's rights in its famous and distinctive Mark by refusing to remove content from its website that

Defendant knew or should have known was infringing on Plaintiff's Mark and was likely to cause confusion among the public.

20. A visitor to the website www.transportreviews.com can find reviews and contact information for businesses with confusingly similar names to Reliable. Using the Company Search feature, a search for "Reliable" will generate 19 listings with the Mark.

21. Many of the listings on Defendant's website that include the name "Reliable" are no longer active, or are no longer calling themselves "Reliable."

22. Many of the listings include contact information, license information with the U.S. Department of Transportation, and websites for the confusingly similar businesses. For example, the listing for Angie's Reliable Transportation ("Angie's") has a link to Angie's website, along with Angie's phone number and license number. Notably, it does not contain any reviews of Angie's services.

23. A prominent feature of Defendant's TransportReviews website allows users to "Get Quotes," and Defendant offers "Instant Free Car Transport Quotes From the Auto Transport Companies Found on Transport Reviews." Upon information and belief, Defendant receives revenue for generating leads through the "Get Quotes" feature of its website.

24. Further, the homepage for www.transportreviews.com explains to visitors "We've gathered links to our most requested content."

25. On information and belief, because Defendant allows its website to display the names and business information of Plaintiff's competitors that are engaging in trademark infringement, visitors to www.transportreviews.com have been confused about which automotive shipper they are reviewing.

26. For example, the only review for BK Reliable Transport Inc., purportedly written by "Bill O'brien," references Plaintiff's name, "Reliable Carriers," and gives "Reliable Carriers" five stars for service. It is confusing whether Mr. "O'brien" intended to reference Plaintiff, Reliable Carriers, Inc. or infringing entity, BK Reliable Transport, Inc. A consumer looking to use Reliable might come across Mr. O'brien's review of BK Reliable Transport Inc. and use BK Reliable Transport Inc. to move its automobile instead of Reliable.

27. The Infringement on Defendant's website also hurts Reliable because of negative reviews associated with other confusingly similar businesses. For example, a review available for Reliable Auto Transport Of Ft Lauderdale is titled "Company of Liars" and has zero stars.

28. In or around November 2016, Reliable became aware of the infringing content on www.transportreviews.com.

29. Following an investigation, Reliable contacted Defendant on November 28, 2016, requesting that the Infringement cease.

30. Despite having been notified that the continued, unauthorized Infringement constitutes actionable trademark infringement, Defendant persists in displaying infringing marks on its website, soliciting users to request quotations from the infringing "Reliable" entities listed on Defendant's website, and benefiting from advertising on the website that displays the Infringement.

31. Negotiations to remove the Infringement from Defendant's website have failed, despite Defendant's admission that "Moving Sites has the ability to hide reviews from public view… if they violate Moving Sites' terms of service, including reviews that contain offensive content…" DKT 13-2.

32. Reliable has demonstrated to Defendant that much of the information on its website is inaccurate because most of the "Reliable" entities listed on TransportReviews are no longer in business or have been forced to change their names through Reliable's vigorous policing of its famous Mark.

33. Despite knowing that its listings provide incorrect and/or outdated information, Defendant has refused to remove the Infringement.

34. On information and belief, the Infringement has been and continues to be of commercial value to Defendant.

35. On information and belief, there are advertisements at the bottom of every listing.

36. On information and belief, Defendant benefits financially from every user that obtains a quote through the website "From the Auto Transport Companies Found on Transport Reviews."

37. On information and belief, at the time Defendant began posting the Infringement, and at all times thereafter, it was aware, or had reason to know, of Reliable's rights in the Mark, and knew that the Mark is distinctive and has become famous and valuable.

38. The Infringement on Defendant's website lessens the capacity of Reliable's Mark to identify and distinguish the services provided by Reliable under the Mark and, thus, dilutes the distinctive quality of the Mark and damages the reputation, recognition, and goodwill consumers associate with Reliable's services.

39. On information and belief, Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

40. For the foregoing reasons, the Infringement has caused and likely will cause injury to Reliable and to the goodwill and value of its Mark.

## COUNT I
**(Federal Trademark Infringement and Unfair Competition in Violation of Section 43(a) of the Lanham Act)**

41. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-40 above.

42. The Infringement on Defendant's website violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because such actions constitute willful and deliberate use in commerce of Plaintiff's Mark, which are likely to cause confusion, mistake, and deception as to the origin, sponsorship, or approval by Reliable of products and services promoted by others without Reliable's approval or consent, and which accordingly constitutes infringement of Plaintiff's Mark.

43. On information and belief, Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

44. Defendant's violation of this statute has irreparably damaged Reliable, and Reliable has no adequate remedy at law. Unless Defendant is enjoined, the Infringement will continue, further injuring Reliable and the public.

45. On information and belief, Defendant has received substantial revenues and substantial profits as a result of the Infringement, to which Defendant is not entitled, and Reliable has also suffered damages as a result of the Infringement, for which Defendant is responsible.

### COUNT II
**(Federal Trademark Dilution in Violation of Section 43(c) of the Lanham Act)**

46. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-45 above.

47. The Infringement violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Defendant's display in commerce of the Infringement, which

commenced after Reliable's Mark became famous, is likely to cause, and has caused, dilution of the distinctive quality of Reliable's famous Mark.

48. On information and belief, Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

49. Reliable has been, and continues to be, irreparably damaged by the violation of this statute, and it has no adequate remedy at law. Unless enjoined, Defendant will continue to post the infringing content, further injuring Reliable and the public.

## COUNT III
**(Trademark Infringement in Violation of Mich. Comp. Laws § 429.42)**

50. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-49 above as if fully set forth herein.

51. The Infringement violates Mich. Comp. Laws, § 429.42 *et seq.*, because Defendant's actions constitute reproduction, copying, or colorable imitation of the Mark in an advertisement for services intended to be sold for profit in the State of Michigan. Defendant's official website is available to customers in Michigan and solicits business from Michigan residents.

52. On information and belief, Defendant facilitated the Infringement with knowledge that such conduct was intended to create confusion or to deceive.

53. Reliable has been, and continues to be, irreparably damaged by the violation of this statute, and it has no adequate remedy at law. Unless Defendant is enjoined, the Infringement will continue, further injuring Reliable and the public.

54. On information and belief, Defendant has received substantial revenues and substantial profits as a result of the Infringement, to which Defendant is not entitled, and Reliable has also suffered damages as a result of the Infringement, for which Defendant is responsible.

## PRAYER FOR RELIEF

WHEREFORE, Reliable Carriers, Inc. respectfully seeks the following relief:

1. Enjoin and restrain Defendant, its agents, servants, affiliates, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

   a) Using, publishing, posting, affixing, applying or allowing others to post without authorization Plaintiff's RELIABLE CARRIERS Mark or any other name, logo, mark or design that that is confusingly or deceptively similar to the Mark, either alone or in conjunction with other words or symbols, as a part of any services performed, advertised or displayed by Defendant, or in any other manner; and

  b) Using, publishing, posting, affixing or allowing others to post the words "reliable" or "carrier" in any combination or any form or manner that would tend to identify or associate companies that infringe on the Mark with Plaintiff, including, without limitation, in the marketing, promotion, advertising, identification, or review of services, or in any other manner;

 2. Require Defendant, pursuant to 15 U.S.C. § 1118 to destroy all Internet content, metadata, and any other items in its possession or control which contain the infringing mark or any term confusingly or deceptively similar to the Mark, either alone or in combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

 3. Require Defendant to file with the Court and to serve on Reliable, within thirty (30) days after the entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

 4. Require Defendant to pay to Reliable an amount yet to be determined to compensate Reliable for all damages sustained as a result of Defendant's unlawful conduct described above, plus interest thereon, and require with respect to damages resulting from infringement or dilution of the Mark or from unfair

competition under the Lanham Act that such damages be trebled pursuant to 15 U.S.C. § 1117;

5. Require Defendant to account for and pay to Reliable all the profits derived by Defendant resulting from the Infringement, including, but not limited to any advertising revenue generated by the Infringement;

6. Award Reliable the costs of suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and Michigan law;

7. Award prejudgment interest on all liquidated sums; and

8. Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

/s/ Michael A. Sneyd
By: Michael A. Sneyd (P52073)
    Katherine F. Cser (P79815)
*Attorneys for Plaintiff Reliable Carriers, Inc.*
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226
(313) 961-0200
mas@krwlaw.com
Dated: August 31, 2017    kcser@kerr-russell.com