## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

RELIABLE CARRIERS, INC.,

       Plaintiff,

                       Case No. 2:17-cv-10971

v.

                       Judge Sean F. Cox
                       Mag. Judge David R. Grand

MOVING SITES, LLC,

       Defendant.

---

## DEFENDANT MOVING SITES, LLC'S
## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant Moving Sites, LLC ("Moving Sites") moves to dismiss this action under Fed. R. Civ. P. 12(b)(6) because Reliable Carriers, Inc. ("Reliable") fails to sufficiently state – and cannot state – a claim upon which relief can be granted.

Moving Sites operates community websites that provide a forum for consumers to provide and obtain information about services provided by companies in a variety of industries, such as the automotive transport service industry. These websites include user-created industry directories and company reviews.  All of the information on Moving Sites' websites is created by users. Moving Sites does not create the information provided on its websites.

Reliable is a provider of automobile transportation services. Reliable has for several years asserted its RELIABLE CARRIERS trademark against other companies whose names include, or have included, the term "reliable."  Reliable now contends that when a third-party consumer accurately identifies the name of one of these other companies in a business directory or in a review on one of Moving Sites' websites, Moving Sites is liable for trademark infringement. That is not the law.  Reliable's claims should be dismissed under Fed. R. Civ. P. 12(b)(6) because it has twice failed to provide sufficient factual allegations under *Twombly* and *Iqbal* that would allow a reasonable jury to conclude that Moving Sites has used the Reliable trademark in commerce as required by 15 U.S.C. § 1125.

Accordingly, Moving Sites cannot be liable for trademark infringement, dilution or unfair competition. Reliable's dilution claims fail for the additional reason that Reliable has not sufficiently pled that its mark is famous as defined by the dilution statute, 15 U.S.C. § 1125(c).

The Sixth Circuit has at least twice this year reaffirmed that a complaint should be dismissed where, as here, the alleged action constitutes non-trademark use. Reliable's First Amended Complaint does not allege facts sufficient to infer that Moving Sites itself uses any offending mark. Indeed, Moving Sites does not. Further, Reliable's First Amended Complaint does not sufficiently allege that Moving Sites uses any offending mark to identify any of Moving Sites' own goods or services. Indeed, Moving Sites does not. Instead, third-party users, who are not under Moving Sites' control, enter the name of companies–some of whom use "reliable" in their name–into the business directory on Moving Sites' websites and then author reviews for such companies. Moreover, Reliable fails to allege that the use of the Reliable mark creates an association between Reliable and Moving Sites. Indeed, the use on Moving Site's website does not.

In accordance with E.D. Mich. L.R. 7.1, counsel for Moving Sites sought concurrence with counsel for Reliable, but such concurrence was denied.

WHEREFORE, for the reasons set forth herein and more fully in the

attached brief in support, Moving Sites respectfully requests entry of an order

dismissing this action with prejudice and awarding Moving Sites its costs and

attorneys' fees and any other relief the Court deems just and proper.

Dated:  September 14, 2017                    Respectfully submitted,

                                              By:    /s/Glenn E. Forbis
                                                     Glenn E. Forbis (P52119)
                                                     Harness, Dickey & Pierce PLC
                                                     5445 Corporate Drive
                                                     Suite 200
                                                     Troy, MI  48098
                                                     248-641-1600
                                                     gforbis@hdp.com
                                                     *Counsel for Defendant*
                                                     *Moving Sites, LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 14, 2017, a copy of the foregoing was filed and served through the Court's ECF system. All parties may access a copy of this document through the Court's system.

<u>/s/Glenn E. Forbis</u>
Glenn E. Forbis
*Counsel for Defendant*
*Moving Sites, LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

RELIABLE CARRIERS, INC.,

       Plaintiff,

                        Case No. 2:17-cv-10971

v.

                        Judge Sean F. Cox
                        Mag. Judge David R. Grand

MOVING SITES, LLC,

       Defendant.

---

## DEFENDANT MOVING SITES, LLC'S
## MEMORANDUM OF LAW IN SUPPORT OF ITS
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
## <u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>

## STATEMENT OF ISSUES PRESENTED

1. Does each of the Reliable's causes of action fail to state a claim where the First Amended Complaint does not set forth allegations from which a reasonable jury could infer that Moving Sites uses the asserted mark in commerce?

   MOVING SITES ANSWERS:  YES.


2. Does Reliable's alleged cause of action for dilution also fail to state a claim because it does not sufficiently plead facts from which a reasonable jury could infer that the RELIABLE Mark is "famous" as defined by 15 U.S.C. §1125(c)(2)(a)?

   MOVING SITES ANSWERS:  YES.


3. Should Reliable be granted leave to amend its First Amended Complaint where such attempt would be futile because Moving Sites does not cause the asserted mark to appear on its website and where the third-party consumers who do cause the mark to appear use the mark in a non-trademark way to identify a third-party company with whom they have done business?

   MOVING SITES ANSWERS:  NO.

# MOST RELEVANT
# CONTROLLING AUTHORITY

**Supreme Court Cases**                                                    **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................2, 7, 10

*Bell Atlantic v. Twombly*,
    550 U.S. 544 (2007)...................................................................................2, 7, 10

*Prestonettes, Inc. v. Coty*,
    264 U.S. 359 (1924).........................................................................................19


**Appellate Court Cases**

*Hensley Mfg., Inc. v. ProPride, Inc.*,
    579 F.3d 603 (6th Cir. 2009) .......................................................................*passim*

*Kassa v. Detroit Metro Convention & Visitors Bureau*,
    672 F. App'x 575 (6th Cir. 2017), *cert. granted* ................................................18

*OakLawn Jockey Club, Inc. v. Kentucky Downs LLC*,
    687 F. App'x 429 (6th Cir. 2017).................................................................*passim*


**E.D. Mich. Cases**

*Hensley Mfg. v. ProPride, Inc*.,
    622 F. Supp. 2d 554 (E.D. Mich. 2008) ...........................................................23

*Kassa v. Detroit Metro Convention & Visitors Bureau*,
    150 F. Supp. 3d 831, 837–38 (E.D. Mich. 2015), *aff'd*, 672 F.
    App'x 575 (6th Cir. 2017) .............................................................11, 14, 20, 23

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ....................................................................................1

II.     FACTUAL BACKGROUND........................................................................3

    A.      Moving Sites' Community Website Business ......................................3

    B.      Moving Sites' Transport Reviews Website...........................................4

    C.      Reliable's Automobile Transport Services ..........................................5

    D.      Third Party Use of the Term "Reliable" on the Transport Reviews
        Website ...............................................................................................6

III.    RELIABLE FAILS TO SUFFICIENTLY ALLEGE THAT MOVING
    SITES IS LIABLE FOR THIRD-PARTIES' NON-TRADEMARK USE OF
    THE TERM "RELIABLE" TO IDENTIFY COMPANIES ...........................7

    A.      Reliable Fails to Sufficiently Allege that Moving Sites is Liable for
        Trademark Infringement and Unfair Competition Under 15 U.S.C. §
        1125(a)................................................................................................8

        1.      The First Amended Complaint Fails to Sufficiently Allege that
            Moving Sites Has Used the RELIABLE Mark...........................8

        2.      The First Amended Complaint Fails to Allege Facts Sufficient
            to Infer a Likelihood of Confusion ..........................................11

    B.      Reliable Fails to Sufficiently Allege that Moving Sites is Liable for
        Dilution, Unfair Competition or Violation of Michigan Law.............13

        1.      Reliable Fails to Sufficiently Allege that Moving Sites is Liable
            for Dilution...............................................................................13

        2.      Reliable's Claims for Unfair Competition and Michigan
            Trademark Infringement Are Likewise Insufficient.................15

IV.     THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED WITH
    PREJUDICE BECAUSE MOVING SITES' ACTIVITY IS NOT
    ACTIONABLE UNDER THE TRADEMARK LAWS ...............................15

    A.      Moving Sites is Not Liable for Trademark Infringement or Unfair
        Competition .......................................................................................16

        1.      Moving Sites Has Not Used the RELIABLE Mark..................16

iii

2.      The Appearance of the Term "Reliable" on the Transport
        Reviews Website to Identify and Describe Third Party
        Companies is Permissible Non-Trademark Use ......................17

        a.      Third Party Reviewers' Use of the Term "Reliable" on
                the Transport Reviews Website to Identify Third Party
                Businesses is Non-Trademark Use ............................... 18

        b.      Moving Sites' Provision of the Transport Reviews
                Website Is Permissible Non-Trademark Use ............... 19

3.      No Likelihood of Confusion Exists Between Moving Sites'
        Services and Reliable's Services .............................................20

   B.   Moving Sites is Not Liable for Dilution ...........................................22

V.  CONCLUSION.............................................................................................23

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................2, 7, 10

*Autozone, Inc. v. Tandy Corp.*,
    373 F.3d 786 (6th Cir. 2004) .............................................................13

*Bell Atlantic v. Twombly*,
    550 U.S. 544 (2007)...................................................................................2, 7, 10

*Bird v. Parsons*,
    289 F.3d 865 (6th Cir. 2002) ......................................................14, 21

*Career Agents Network, Inc. v. careeragentsnetwork.biz*,
    722 F. Supp. 2d 814 (E.D. Mich. 2010) .........................................22

*Champions Golf Club, Inc. v. The Champions Golf Club, Inc.*,
    78 F.3d 1111 (6th Cir. 1996) ............................................................21

*Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*,
    109 F.3d 275 (6th Cir. 1997) ............................................................21

*Dow Corning Corp. v. Xiao*,
    No. 11-10008-BC, 2011 WL 2015517 (E.D. Mich. May 20, 2011) .................23

*Frisch's Rest., Inc. v. Shoney's Inc.*,
    759 F.2d 1261 (6th Cir. 1985) .........................................................12

*General Motors Corp. v. Keystone Automotive Indus., Inc.*,
    453 F.3d 351 (6th Cir. 2006) ............................................................15

*Hensley Mfg., Inc. v. ProPride, Inc.*,
    579 F.3d 603 (6th Cir. 2009) ....................................................*passim*

*Hensley Mfg. v. ProPride, Inc.*,
    622 F. Supp. 2d 554 (E.D. Mich. 2008) .........................................23

*Holiday Inns, Inc. v. 800 Reservations, Inc.*,
    86 F.3d 619 (6th Cir. 1996) ...............................................................22

*Innovation Ventures, LLC v. Bhelliom Enterprises Corp.*,
    529 F. App'x 560 (6th Cir. 2013) ......................................................12

*Interactive Prods. Corp. v. A2Z Mobile Office Solutions, Inc.*,
    326 F.3d 687 (6th Cir. 2003) ..........................................................9, 17

*Jet Inc. v. Sewage Aeration Systems*,
    165 F.3d 419 (6th Cir. 1999) ..............................................................16

*Kassa v. Detroit Metro Convention & Visitors Bureau*,
    150 F. Supp. 3d 831, 837–38 (E.D. Mich. 2015), *aff'd*, 672 F.
    App'x 575 (6th Cir. 2017) .............................................11, 14, 20, 23

*Kassa v. Detroit Metro Convention & Visitors Bureau*,
    672 F. App'x 575 (6th Cir. 2017), *cert. granted* ...............................18

*Klein Electronics, Inc. v. Boxwave Corp.*,
    10 CV 2197, 2011 WL 2560238 (S.D. Cal. June 27, 2011) ...............14

*OakLawn Jockey Club, Inc. v. Kentucky Downs LLC*,
    687 F. App'x 429 (6th Cir. 2017) .............................................*passim*

*Prestonettes, Inc. v. Coty*,
    264 U.S. 359 (1924)...........................................................................19

*Rock and Roll Hall of Fame and Museum, Inc. v. Gentile Productions*,
    134 F.3d 749 (6th Cir. 1998) ...........................................................8, 17

*T. Marzetti Co. v. Roskam Baking Co.*,
    680 F.3d 629 (6th Cir. 2012) .................................................................8

*Taubman Co. v. Webfeats*,
    319 F.3d 770 (6th Cir. 2003) ..............................................................21

*Volkswagen AG v. Dorling Kindersley Pub., Inc.*,
    614 F. Supp. 2d 793 (E.D. Mich. 2009) ............................................17

*Weiner v. Klais & Co.*,
    108 F.3d 86 (6th Cir. 1997) ................................................................16

*World Impressions, Inc. v. McDonald's Corp.*,
   235 F. Supp. 2d 831 (N.D. Ill. 2002) ................................................................. 19

**Statutes**

15 U.S.C. § 1115(b)(4) ..................................................................................... 19

15 U.S.C. § 1125 ................................................................................... 2, 14, 22

15 U.S.C. § 1125(a) .................................................................................. *passim*

15 U.S.C. § 1125(c) ............................................................................... 3, 15

15 U.S.C. §1125(c)(2)(a) ................................................................................. 14

15 U.S.C. § 1125(c)(3)(A) ............................................................................... 23

15 U.S.C. § 1125(c)(3)(C) ............................................................................... 23

47 U.S.C. § 230 .............................................................................................. 20

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......................................................................... *passim*

## I.    INTRODUCTION

Trademark law does not remove a trademark from the public lexicon.  In fact, the law allows for "non-trademark uses" of another's trademark including for commentary, identification and descriptive purposes.  The law is clear: non-trademark use of a trademark is not actionable under federal or state law.  Here, Reliable Carrier Inc.'s ("Reliable") First Amended Complaint must be dismissed because it fails to allege facts sufficient to infer that Moving Sites, LLC ("Moving Sites") uses any offending mark in commerce, and, therefore, Moving Sites cannot be liable for trademark infringement, dilution or unfair competition.

Moving Sites is an operator of community websites that are designed to provide a forum for users to provide and obtain information about services provided by companies in a variety of industries. These websites include user created industry directories and company reviews.  All of the information on Moving Sites' websites is created by third-party users of the website. Moving Sites itself does not create the information provided on its website.

Reliable Carriers, Inc. ("Reliable") is a provider of automobile transportation services. Reliable has for several years asserted its RELIABLE CARRIERS trademark ("the RELIABLE Mark") against third-party automobile transportation companies whose names include the term "reliable."  Reliable now contends that where a third-party *user* has accurately *identified* the name of one of these

1

allegedly offending companies in a business directory and/or in a review on one of Moving Sites' websites, Moving Sites is liable for trademark infringement. That is not the law. Reliable's claims must be dismissed under Fed. R. Civ. P. 12(b)(6) because Reliable's First Amended Complaint does not set forth sufficient allegations from which a reasonable jury could infer that Moving Sites uses any offending mark in commerce. Notably, Reliable's First Amended Complaint fails to allege that Moving Sites has used the RELIABLE Mark in a manner required by trademark law. As a result, Reliable's First Amended Complaint fails to satisfy the pleading standards established by *Twombly* or *Iqbal.*

Further, Reliable's First Amended Complaint should be dismissed with prejudice because further attempts to amend would be futile. Reliable filed its First Amended Complaint in response to Moving Sites' initial motion to dismiss (ECF No. 13). The First Amended Complaint does not remedy the defects of Reliable's initial pleading and demonstrates that Reliable *cannot* allege facts in good faith that would support a cause of action for trademark infringement or trademark dilution. Neither Moving Sites, nor users of its community websites, have used the RELIABLE Mark in any actionable manner (*e.g.,* to identify any products or services sold by Moving Sites). In fact, Moving Sites does not use the RELIABLE Mark at all. <u>Any use of the term "reliable" on Moving Sites' websites is made by third parties to describe and identify third party businesses–not by</u>

2

Moving Sites. Likewise, there is nothing on Moving Sites' websites that suggests Reliable is a sponsor, affiliate or source of the website or its contents. Further, Moving Sites and Reliable are not competitors in the automobile transportation market. Accordingly, Reliable has not shown, and cannot show, a likelihood of confusion between the goods and services offered by Reliable and those offered by Moving Sites. These facts preclude any liability under trademark law, and, accordingly, all of Reliable's claims should be dismissed **with prejudice.**

## II.    FACTUAL BACKGROUND

### A.    Moving Sites' Community Website Business

Moving Sites, LLC operates over 30 community websites designed to provide customers with information about various companies within a variety of industries such as the automobile transportation service industry. Ex. 1 Declaration of Andrew Wash, ¶ 3. Moving Sites provides its community websites for the creation of "community generated content." *Id.,* ¶ 4. These websites facilitate the provision of contact information about various companies within the industry and allow customers to provide reviews in real time. *Id.* While Moving Sites creates and hosts its review websites, the content on the websites are created by visitors to the websites. *Id.*, ¶ 5.

Specifically, information about individual companies is provided by third parties, typically automobile transportation customers, and usually in connection

3

with submission of a consumer review. For example, if a user wanted to review Joe's Awesome Car Transport Company, they would select the "add a review" link from the "Reviews" drop-down menu. *Id., ¶¶* 5-6.  If Joe's Awesome Car Transport Company had not been previously reviewed, the user would have the option to add the company to the industry directory. *Id.,* ¶¶ 7–9.  The Company will appear in the industry directory as soon as the user submits it. *Id.,* ¶ 9.  The Company name will appear in the industry directory exactly as the user entered it. *Id.,* ¶ 9.  Moving Sites does not check or confirm the accuracy of the information provided by the user before it is listed on the websites.  *Id.*, ¶ 9.

Moving Sites' only commercial service is providing its community websites. *Id.*, ¶ 14. Moving Sites does not provide any automobile transportation services, or any other service. *Id.*

**B.    Moving Sites' Transport Reviews Website**

Transport Reviews at www.transportreviews.com is one of Moving Sites' community websites.  It allows the public to share and obtain information about companies that provide automobile transportation services (the "Transport Reviews Website").[1] Ex. 1, ¶ 15. All of the information on the website is created by users.  The user-created information provided on the Transport Reviews

---

[1] The Transport Reviews Website is available at www.transportreviews.com.

4

Website includes an industry directory, company ratings and reports, transport duration calculator, and, customer review listings. *Id.*

Moving Sites does not create or confirm the accuracy of the information in the auto transport company directory before it appears on the website. *Id.,* ¶ 16. Accordingly, Moving Sites provides several prominent disclaimers regarding the content that appears on the Transport Reviews website.  Ex. 1, ¶ 17.  The first disclaimer appears at the bottom of every webpage:

> The reviews posted on this site are posted by those who claim to be customers of the auto transport company that reviewed. Their opinions are theirs. Companies and visitors are responsible for deciding on companies independent of the visitor information on Transport Reviews. Please alert us to potential false reviews or reviews not posted by a real customer. To report misuse of this site please contact us.

*Id.,* ¶ 17; Ex. 2. A second disclaimer appears on the "About Transport Reviews" webpage:

> When viewing the information on TransportReviews.com or any review sites owned by Moving Sites, LLC. it is important to realize that the reviews and ratings on this site are supplied by people who claim to be customers of the auto transport company they are reviewing. Moving Sites, LLC. and TransportReviews.com do not create any of the content of the reviews. The reviews and ratings are based on the experience and opinions of the person who wrote the review.

*Id.,* ¶ 18; Ex. 2.

### C.   Reliable's Automobile Transport Services

Reliable alleges that it is a provider of automobile transportation services in the United States. ECF No. 15 at ¶ 6. Reliable alleges that it uses the mark

5

RELIABLE CARRIERS INC. in connection with its services ("the RELIABLE mark"). Reliable also alleges that it has federally registered the mark RELIABLE CARRIERS, INC., in 2010 for "car transport, transport of goods." ECF No. 15. ¶ 13; Reg. No. 3771457. Reliable does not allege that it provides or operates community website services.

### D.      Third Party Use of the Term "Reliable" on the Transport Reviews Website

Reliable accuses Moving Sites of infringing the RELIABLE Mark because third-parties have added the names of non-related third-party companies who use "reliable" in their names to the business directory and reviews on the Transport Reviews Website. ECF No. 15 at ¶ 17. According to Reliable, these offending business names include "RCT Reliable Car Transport, LLC," "Reliable Auto Shippers," "Reliable Auto Transport Carriers" and "Reliable Elite Auto Carriers" (the "Other Reliable Companies"). ECF No. 15 at ¶ 17.

Moving Sites lacks any connection with the Other Reliable Companies. Ex. 1, ¶ 21. Moving Sites did not add the Other Reliable Companies to the auto transport directory or otherwise use any of these names on the Transport Reviews Website or in connection with advertisement of any of Moving Sites' services. *Id.*, ¶ 20. These companies are only listed on the Transport Reviews Website because a user typed the company name into the industry directory. Ex.1, ¶¶ 19–20.

6

### III. RELIABLE FAILS TO SUFFICIENTLY ALLEGE THAT MOVING SITES IS LIABLE FOR THIRD-PARTIES' NON-TRADEMARK USE OF THE TERM "RELIABLE" TO IDENTIFY COMPANIES

Under Rule 12(b)(6), the court may dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint only survives a motion to dismiss if it has "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). Mere conclusions "are not entitled to the assumption of truth" instead, "legal conclusions . . .  must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Thus, a Plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); Ex. 4, *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

Here, Reliable alleges three causes of action: (1) federal trademark infringement and unfair competition; (2) federal trademark dilution and (3) trademark infringement under Michigan Comp. Laws. § 429.42. Reliable's allegations as to each of these claims fail to meet the *Twombly/Iqbal* standard.

7

**A. Reliable Fails to Sufficiently Allege that Moving Sites is Liable for Trademark Infringement and Unfair Competition Under 15 U.S.C. § 1125(a)**

Reliable alleges Moving Sites is liable for trademark infringement under 15 U.SC. § 1125(a). Section 1125(a) provides:

> Any person who, on or in connection with any goods or services, or any container for goods, **uses in commerce** any word, term, name, symbol, or device . . . which—
> **(A)**
> is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or **association of such person with another person**, or as to the origin, sponsorship, or **approval of his or her goods, services, or commercial activities by another person**

15 U.S.C. § 1125(a) (emphasis added).

To state a claim under Section 1125(a), Reliable must allege: (1) that Reliable has a protectable interest in the mark; (2) that Moving Sites has used "an identical or similar mark" in commerce, and (3) that the Moving Sites' use is likely to cause consumer confusion as to (a) whether Moving Sites is affiliated with Reliable or (b) whether Moving Sites' community forum website services are approved or sponsored by Reliable. *See T. Marzetti Co. v. Roskam Baking Co.*, 680 F.3d 629, 633 (6th Cir. 2012); 15 § U.S.C. 1125(a).

**1. The First Amended Complaint Fails to Sufficiently Allege that Moving Sites Has Used the RELIABLE Mark**

The Sixth Circuit law requires a Plaintiff asserting trademark infringement to allege that the Defendant used the term *as a trademark. Rock and Roll Hall of*

8

*Fame and Museum, Inc. v. Gentile Productions,* 134 F.3d 749, 753 (6th Cir. 1998) (determination of infringement under 15 U.S.C. § 1125(a)(1), requires a plaintiff to "show that it has actually used the designation at issue *as a trademark*, and that the defendant has also used the same or a similar designation *as a trademark*") (emphasis in original). This requires sufficient allegations that the Defendant used the mark **to identify the source of its products**. Ex. 3, *OakLawn Jockey Club, Inc. v. Kentucky Downs LLC,* 687 F. App'x 429, 432 (6th Cir. 2017) (the threshold inquiry is "whether Defendants are using Plaintiffs' trademarks to identify the source of Defendants' product"); *Interactive Prods. Corp. v. A2Z Mobile Office Solutions, Inc.,* 326 F.3d 687, 695 (6th Cir. 2003) ("[I]n the usual trademark case, the defendant is using a mark to identify *its* goods [or service] that is similar to the plaintiff's trademark") (emphasis added). The Sixth Circuit affirms dismissals under Rule 12(b)(6) where the Complaint lacks sufficient allegations regarding Defendant's use of the term at issue as a trademark.

Reliable's First Amended Complaint insufficiently alleges that Moving Sites used the term "reliable" <u>as a trademark</u> to identify <u>Moving Sites'</u> business or services. The only express allegation that Moving Sites has "used the mark" is in the "Nature of the Action" section which avers that "Defendant . . . has made unauthorized commercial use of the mark." ECF No. 15 at ¶ 5. Based on this allegation, Reliable alleges that Moving Sites is liable for trademark infringement

9

under Section 1125(a). ECF No. 15, ¶ 42 ("Defendant's . . . actions constitute willful and deliberate use in commerce of Plaintiff's Mark").  These conclusory allegations are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)(Mere conclusions "are not entitled to the assumption of truth" instead, "legal conclusions . . .  must be supported by factual allegations").

Reliable fails to provide any additional factual allegations regarding how Moving Sites used the RELIABLE mark in a "trademark way" as required by Sixth Circuit law. [2]  Reliable's failure to set forth such allegations is fatal to the First Amended Complaint. *Hensley Mfg.*, 579 F.3d at 613 (granting motion to dismiss and finding that "mere speculation is insufficient; it was [the plaintiff's] burden to allege those facts, if they indeed exist, in the first instance"); *OakLawn*, 687 F. App'x at 433 (granting motion to dismiss where "complaint plead[] no *facts* from which to infer that Defendants are engaging in a trademark use of Plaintiffs' trademarks") (emphasis in original).

---

[2] Reliable's allegations regarding Moving Sites' alleged "publication" of the RELIABLE Mark and about the revenue earned by Moving Sites are irrelevant to the analysis of whether Reliable has adequately pled facts that Moving Sites has used the Reliable mark in a "trademark way" sufficient to state a claim for trademark infringement under Section 1125(a). *See Iqbal*, 556 U.S. at 678 (Pleading "facts that are 'merely consistent with' a defendant's liability" is not enough to cross the "line between possibility and plausibility of 'entitlement to relief.'") (*quoting Twombly*, 550 U.S. at 557).

10

Reliable has now had two opportunities to sufficiently plead facts supporting its entitlement to relief. Reliable has failed to do so. In fact, the First Amended Complaint admits that any use of the Reliable mark is done by unidentified third parties, **not by Moving Sites**. ECF No. 15 at ¶¶ 18, 25 ("the names and business information of **Plaintiff's competitors that are engaging in trademark infringement**") (emphasis added). Reliable's allegations regarding acts by third parties are not sufficient to state a claim for infringement by <u>Moving Sites</u> under Section 1125(a). Thus, Reliable's claim under Section 1125(a) of the Lanham Act should be dismissed.

### 2. The First Amended Complaint Fails to Allege Facts Sufficient to Infer a Likelihood of Confusion

Reliable's failure to sufficiently allege that Moving Sites has used the RELIABLE Mark is sufficient to dismiss the trademark infringement claims without further inquiry. Ex. 5, *Kassa v. Detroit Metro Convention & Visitors Bureau*, 150 F. Supp. 3d 831, 837–38 (E.D. Mich. 2015), *aff'd*, 672 F. App'x 575 (6th Cir. 2017) ("Simply put, if a defendant does not use a mark to 'identif[y] the source' of its goods or services, then as a matter of law a plaintiff cannot establish a likelihood of confusion—and cannot prevail on a federal trademark infringement claim.") (citations removed); *see also OakLawn*, 687 F. App'x at 432 (determination of non-trademark use obviates need to consider eight-factor likelihood of confusion analysis).

11

Further though, the First Amended Complaint should be dismissed for the additional reason that it lacks any allegations that any use of "reliable" by Moving Sites is likely to cause confusion either 1) between Moving Sites' products and services and Reliable's automobile transportation services or 2) that Moving Sites is affiliated, connected, or associated with Reliable.  As a result, the First Amended Complaint fails to provide sufficient allegations for a determination of a likelihood of confusion under the eight-factor inquiry set forth in *Frisch's Rest., Inc. v. Shoney's Inc.,* 759 F.2d 1261, 1264 (6th Cir. 1985). The absence of these allegations is fatal to Reliable's claims. *Innovation Ventures, LLC v. Bhelliom Enterprises Corp.,* 529 F. App'x 560, 565 (6th Cir. 2013) (to prevail on claim under Section 1125(a)(1) Plaintiff must show "a likelihood of confusion regarding the origin of the parties' competing products") (emphasis added).

In fact, the First Amended Complaint admits that any "confusion" that might occur is between Reliable and third-party businesses. *See* ECF No. 15, ¶ 3 ("cause consumers to believe that Reliable **is affiliated with other companies** whose names infringe on Reliable's Mark"); ¶ 20 ("businesses with confusingly similar names to Reliable"). Indeed, Count I alleges confusion between Reliable and third parties, **not Moving Sites.** *Id.*, ¶ 42 ("which are likely to cause confusion, mistake, and deception as to the origin, sponsorship, or approval by Reliable **of products and services promoted by others** without Reliable's approval or consent").

12

Accordingly, Reliable fails to allege facts sufficient to create the reasonable inference necessary to allege a likelihood of confusion and as a result, fails to state a claim for trademark infringement. *See Hensley Mfg.*, 579 F.3d at 610-11 (affirming dismissal where Complaint lacked sufficient allegations to state consumer confusion as to the association between plaintiff and defendant or suggest plaintiff was the source of Defendant's goods).

### B. Reliable Fails to Sufficiently Allege that Moving Sites is Liable for Dilution, Unfair Competition or Violation of Michigan Law

In addition to claims of trademark infringement, Reliable raises dilution and unfair competition claims under Sections 1125(a) and (c) of the Lanham Act and trademark infringement under Michigan law. The complaint fails to state a cause of action with respect to these claims for the same reasons that it fails to state a claim with respect to Reliable's federal trademark infringement claim.

### 1. Reliable Fails to Sufficiently Allege that Moving Sites is Liable for Dilution

To succeed on its federal dilution claim, Reliable must allege: "the senior mark must be (1) famous; and (2) distinctive" and "[u]se of the junior mark must (3) **be in commerce**; (4) have begun subsequent to the senior mark becoming famous; and (5) cause dilution of the distinctive quality of the senior mark." *Autozone, Inc. v. Tandy Corp.*, 373 F.3d 786 (6th Cir. 2004) (emphasis added). Since Reliable fails to sufficiently allege that Moving Sites has used the

13

RELIABLE Mark (*see* Section III.A(1), *supra*), it has also failed to state a claim for dilution. *See Bird v. Parsons*, 289 F.3d 865, 879 (6th Cir. 2002) (affirming dismissal of dilution claim and noting that "commercial use occurs where the alleged diluter ***uses the trademark as a trademark***") (emphasis added); *Kassa*, 150 F. Supp. 3d at 841 ("where a defendant has used a mark in a non-trademark way, a plaintiff cannot maintain a claim for federal trademark dilution"), *aff'd*, 672 F. App'x 575 (6th Cir. 2017).

Likewise, Reliable fails to allege any facts to support the conclusory allegation that the RELIABLE Mark is famous within the meaning of 15 U.S.C. § 1125. Paragraph 12 simply states that Reliable "has invested significant resources to develop and foster the reputation, recognition and goodwill associated with the Mark" and that these efforts include "extensive advertising campaigns and promotional efforts." ECF. No. 15, ¶ 12. Based on this assertion, Reliable alleges that the RELIABLE Trademark is sufficiently famous to support a claim of dilution. ECF. No. 15, ¶¶ 14-15. These allegations are insufficient to support a conclusion that the marks are "widely recognized by the *general consuming public of the United States* as a designation of source" of Reliable's services.[3] 15 U.S.C. § 1125(c)(2)(A); *see also Klein Electronics, Inc. v. Boxwave Corp.,* 10 CV 2197, 2011 WL 2560238, at *2 (S.D. Cal. June 27, 2011) (dismissing dilution claim only

---

[3] Reliable's assertion that "the Mark is widely recognized by consumers" is insufficient to allege that its mark is famous to the general consuming public.

supported by conclusory allegations regarding plaintiff's advertising, marketing and distribution of goods under the mark throughout the United States and the resulting goodwill in the mark).

### 2. Reliable's Claims for Unfair Competition and Michigan Trademark Infringement Are Likewise Insufficient

For the same reasons that the First Amended Complaint fails to state a claim for trademark infringement under the Lanham Act, specifically, failing to sufficiently allege that Moving Sites uses the RELIABLE Mark and failing to sufficiently allege a likelihood of confusion, it also fails to state claims for unfair competition under 15 U.S.C. § 1125(a) (Count I) and trademark infringement under Michigan common law (Count III). *See General Motors Corp. v. Keystone Automotive Indus., Inc.,* 453 F.3d 351, 354 (6th Cir. 2006) (holding that resolution of plaintiff's claims for trademark infringement and unfair competition under state and federal law all require application of the same likelihood of confusion test). Thus, Reliable's unfair competition claim and Michigan trademark infringement claims should be dismissed as well.

## IV.   THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE MOVING SITES' ACTIVITY IS NOT ACTIONABLE UNDER THE TRADEMARK LAWS

Reliable's First Amended Complaint does not set forth allegations from which a reasonable jury could infer that Moving Sites has infringed Reliable's RELIABLE Mark. Further, Reliable's First Amended Complaint should be

15

dismissed **with prejudice**, without leave to amend, because any attempt to amend the First Amended Complaint would be futile. *Jet Inc. v. Sewage Aeration Systems,* 165 F.3d 419, 425 (6th Cir. 1999) (affirming denial of motion to amend complaint where amendment would not have survived a Rule 12(b)(6) motion and thus would have been futile). As further explained below, under controlling Sixth Circuit law, third-party use of the term "reliable" on the Transport Reviews Website to describe corporate entities, does not subject Moving Sites to liability for trademark infringement, dilution or unfair competition. Accordingly, any amendment would be futile and the complaint should be dismissed with prejudice.

## A. Moving Sites is Not Liable for Trademark Infringement or Unfair Competition

The central issue in this case is whether Moving Sites is liable for providing a forum for the public to identify and describe their experiences with the Other Reliable Companies. The issue **is not** whether the use of the RELIABLE Mark by the Other Reliable Companies constitutes infringement. Here, Moving Sites' connection with the underlying infringement is insufficient to find liability.

### 1. Moving Sites Has Not Used the RELIABLE Mark

Moving Sites has not used the RELIABLE Mark.[4] The names of the Other Reliable Companies were entered by visitors to the Transport Reviews Website to

---

[4] The declaration of Andy Wash sets forth publically available information regarding Moving Sites' Transport Reviews Website. Since the First Amended

16

identify and describe the corporate entity which offer automobile transportation services. These actions were done by users–not by Moving Sites. Ex. 1, ¶¶ 5-9, 15-21. Indeed, as Reliable admits, Moving Sites does not create the content on the Transport Reviews Website. ECF No. 15, ¶ 7 (Moving Sites "develops and manages websites  . . . for *community generated content*") (emphasis added); ¶ 16 ("material to be posted **by others**") (emphasis added). Accordingly, Moving Sites has not used the RELIABLE Mark, and cannot be liable for Reliable's claims as a matter of law.

### 2. The Appearance of the Term "Reliable" on the Transport Reviews Website to Identify and Describe Third Party Companies is Permissible Non-Trademark Use

A trademark infringement claim may be brought against use of the mark only "in connection with any goods or services" and only if the Defendant has used the term *as a trademark.* 15 U.S.C. § 1125(a); *Rock and Roll Hall of Fame,* 134 F.3d at 753. If a defendant is not using the disputed phrase or term to identify the source of its goods (as is the case here), "then the mark is being used in a 'non-trademark way' and trademark infringement laws . . . do not even apply." *Hensley Mfg.,* 579 F.3d at 610 (quoting *Interactive Prods.*, 326 F.3d at 695); *see also Volkswagen AG v. Dorling Kindersley Pub., Inc.,* 614 F. Supp. 2d 793 (E.D. Mich.

---

Complaint mentions the TransportReviews.com website (ECF No. 15 at ¶ 8), the court can consider these facts on a motion to dismiss without converting the motion into one for summary judgment. *See Weiner v. Klais & Co.,* 108 F.3d 86, 89 (6th Cir. 1997).

2009) ("If a defendant uses a trademark in a non-trademark way, the laws of trademark infringement and false designation are not implicated"). The critical inquiry is whether Moving Sites is using the RELIABLE Mark to identify the source of *Moving Sites'* product or services. *Hensley Mfg.*, 579 F.3d at 610. In fact, at least twice this year the Sixth Circuit reaffirmed that a claim for trademark infringement, dilution and unfair competition should be dismissed where, as here, the alleged action constitutes non-trademark use. *OakLawn,* 687 F. App'x 433; *Kassa v. Detroit Metro Convention & Visitors Bureau*, 672 F. App'x 575, 577 (6th Cir. 2017), *cert. granted*.

The appearance of "reliable" on Moving Sites' website is not a trademark use, either by Moving Sites or the third-party users who type it into Moving Sites' website.

### a. Third Party Reviewers' Use of the Term "Reliable" on the Transport Reviews Website to Identify Third Party Businesses is Non-Trademark Use

Users' entry of the RELIABLE Mark on the Transport Review website is protected non-trademark use. Users add the names of third-party companies who use "reliable" in their names to the business directory and reviews on the Transport Reviews Website to identify and describe their experiences with those companies. Ex. 1, ¶¶ 5-9, 15-21. The term "reliable" is being used to describe a fact–the identification of third party businesses. This factual and descriptive use is not

18

within the scope of trademark law.[5] *Oaklawn,* 687 F. App'x at 432–33 (use of a trademark to describe the factual location of a race was non-trademark use); *Hensley Mfg.,* 579 F.3d at 608 (use of Plaintiff's trademark to describe relationship with Plaintiff was a non-trademark use). Reliable cannot prevent the factual identification of companies – regardless of whether those companies are in business or have changed their name. *Prestonettes, Inc. v. Coty,* 264 U.S. 359, 368 (1924) (a trademark holder cannot seek "to prevent its being used to tell the truth"); *see also, World Impressions, Inc. v. McDonald's Corp.,* 235 F. Supp. 2d 831, 843 (N.D. Ill. 2002) ("Disney concedes, as it must, that plaintiff has the right to describe Disneyland's location on a map with the word "Disneyland" in a plain printed or typed form").

### b. Moving Sites' Provision of the Transport Reviews Website Is Permissible Non-Trademark Use

Moving Sites has not used the RELIABLE Mark in a "trademark way." Moving Sites does not use the RELIABLE Mark to identify the source of Moving Sites' services or to suggest a connection between Moving Sites and Reliable.

---

[5] This is similar to the type of conduct protected by the "statutory fair use" and "nominative fair use" doctrines which preclude a holder of a trademark from preventing use of terms in their descriptive sense. Statutory fair use exempts uses "other than as a mark" to describe the Defendant's goods. 15 U.S.C. § 1115(b)(4). Nominative fair use allows a Defendant to fairly describe the trademark holder's goods.  Here, the use of the term "reliable" by users of the Transport Reviews website is even more removed from the classic statutory and nominative fair uses cases as consumers are describing *third-party* companies rather than either Reliable, Moving Sites, or the user's own goods.

19

Indeed, Moving Sites does not provide any automobile transportation services—it simply provides a forum for the exchange of information about companies that do provide those services.[6] Likewise, Reliable does not provide any website hosting services. There is nothing about the Transport Reviews Website that leads a consumer to believe that 1) Moving Sites is the provider of automobile transportation services, 2) that Reliable is the provider of the Transport Reviews Website, or 3) that there is an association between Moving Sites and Reliable.

These facts of non-use are directly analogous to the non-trademark uses the Sixth Circuit has found to be insufficient to survive a motion to dismiss. *See e.g., Hensley Mfg.*, 579 F.3d at 610-11 (defendant did not use plaintiff's trademark to identify defendant's goods or services or to suggest an association between the defendant and the plaintiff); *Kassa*, 150 F. Supp. 3d at 839 (use of trademark as a geographic descriptor was a non-trademark use), *aff'd* 672 F. App'x 575 (6th Cir. 2017); *OakLawn,* 687 F. App'x at 433 (use of mark to describe location of a simulated horse race was "a non-trademark use of Plaintiff's trademarks").

### 3. No Likelihood of Confusion Exists Between Moving Sites' Services and Reliable's Services

There is no likelihood of confusion between Moving Sites' provision of the Transport Reviews Website and Reliable's automobile transportation services. *See*

---

[6] Moving Sites' actions comply with the immunity provisions of the Communications Decency Act, 47 U.S.C. § 230.

*Taubman Co. v. Webfeats*, 319 F.3d 770, 776 (6th Cir. 2003) (even if the alleged acts constitute a "trademark use" the relevant question is "whether there is a likelihood of confusion between the parties' goods and services") (*citing Bird,* 289 F.3d at 877)*.*  First, the references to the RELIABLE Mark on the Transport Reviews Website cannot mislead consumers into buying a competing product. Moving Sites does not provide automobile transportation services. Therefore, no customer can mistakenly purchase automobile transportation services from Moving Sites under the belief that the service is being offered by Reliable.

Second, the appearance of the term "reliable" does not provide a suggestion that Reliable provides, sponsors or is affiliated with, the Transport Reviews Website. Accordingly, the Lanham Act does not apply. *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir. 1997) (noting that the "touchstone of liability [for trademark infringement] is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties"); *Champions Golf Club, Inc. v. The Champions Golf Club, Inc.*, 78 F.3d 1111, 1116 (6th Cir. 1996) ("the ultimate question is whether relevant consumers are likely to believe that the products or services offered by the parties are affiliated in some way").

Third, the Transport Reviews Website has several disclaimers which clearly indicate that Moving Sites does not create the content of the reviews on the

21

website. Ex. 1, ¶¶ 17-18. These disclaimers support a finding of no likelihood of confusion, and therefore, no liability for trademark infringement. *See Holiday Inns, Inc. v. 800 Reservations, Inc.,* 86 F.3d 619 (6th Cir. 1996) (existence of disclaimer supported no likelihood of confusion); *Hensley*, 579 F.3d at 611 (same).

Because Moving Sites has not used Reliable's asserted trademark, and the only use of the term "reliable" is in a "non-trademark way" to describe a corporate entity, the trademark laws do not apply. *Hensley Mfg.*, 579 F.3d at 610. Under these facts and law, Reliable has not, and cannot, state a claim for trademark infringement and its First Amended Complaint should be dismissed with prejudice. Further, Moving Sites should be awarded its costs and attorneys' fees based on Reliable's egregious assertion that fair and descriptive uses of the term "reliable" constitutes trademark infringement and unfair competition. *See Career Agents Network, Inc. v. careeragentsnetwork.biz*, 722 F. Supp. 2d 814 (E.D. Mich. 2010) (awarding fees).

### B.    Moving Sites is Not Liable for Dilution

The plain language of Section 1125 states that "any fair use, including a nominative or descriptive fair use, *or facilitation of such fair use*, of a famous mark by another person **other than as a designation of source** for the person's own

22

goods or services" is "***not actionable as dilution***."  15 U.S.C. § 1125(c)(3)(A))[7];

*see also Hensley Mfg. v. ProPride, Inc*., 622 F. Supp. 2d 554, 561 (E.D. Mich.

2008) (fair use of trademark "defeats any claim of dilution"). Thus, where a

defendant has used a mark in a non-trademark way, a plaintiff cannot maintain a

claim for federal trademark dilution. *See, e.g., Dow Corning*, 2011 WL 2015517, at

*12 ("[U]nless the descriptive use of a mark suggests that the owner of the mark is

the source of the goods [...] such a use of the mark is not actionable under the

dilution statute"); 15 U.S.C. § 1125(c)(3)(C) (exempting "noncommercial use of a

mark").  For all of the reasons explained above, Moving Sites did not use, and does

not use, the RELIABLE Mark, and, any use of the RELIABLE Mark on the

Transport Reviews Website was descriptive, non-trademark use.  Thus, Moving

Sites is not liable for trademark dilution as a matter of law. *See Kassa*, 150 F.

Supp. 3d at 841, *aff'd*, 672 F. App'x 575 (6th Cir. 2017).

## V.    CONCLUSION

Under controlling Sixth Circuit law, the use of the term "reliable" on the

Transport Reviews Website to describe corporate entities, does not subject Moving

---

[7] This case is even further removed from the classic dilution case because there is
no "use of [a] junior mark." *See Dow Corning Corp. v. Xiao,* No. 11-10008-BC,
2011 WL 2015517, at *11-12 (E.D. Mich. May 20, 2011) (stating the factors for a
typical dilution claim and finding dismissing dilution claim where defendants used
the plaintiff's mark in a descriptive manner, did not use the plaintiff's mark to label
their products, did not pretend to be the Plaintiff and did not suggest that their
products were authorized or sponsored by the plaintiff).

Sites to liability for trademark infringement, dilution or unfair competition. Thus,

Moving Sites' motion to dismiss should be granted and the First Amended

Complaint should be dismissed in its entirety.  Any request by Reliable to amend

its First Amended Complaint should be denied as it would be futile. Further,

Moving Sites should be awarded its costs and fees in connection with this case.

Dated:  September 14, 2017                    Respectfully submitted,

                                             By:    /s/Glenn E. Forbis
                                                    Glenn E. Forbis (P52119)
                                                    Harness, Dickey & Pierce PLC
                                                    5445 Corporate Drive
                                                    Suite 200
                                                    Troy, MI  48098
                                                    248-641-1600
                                                    gforbis@hdp.com
                                                    *Counsel for Defendant*
                                                    *Moving Sites, LLC*

24

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 14, 2017, a copy of the foregoing was filed and served through the Court's ECF system. All parties may access a copy of this document through the Court's system.

/s/ Glenn E. Forbis
Glenn E. Forbis
*Counsel for Defendant*
*Moving Sites, LLC*

22047266.3

25