UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Reliable Carriers Inc.,

    Plaintiff,

v.                                                                   Civil Case No. 17-10971

Moving Sites LLC,                             Sean F. Cox
                                                                 United States District Court Judge

    Defendant.

_____/

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

In this trademark case, Defendant has moved to dismiss Plaintiff's claims for trademark infringement and trademark dilution. For the reasons below, the Court shall deny the motion because Plaintiff has stated a claim in all three counts of the complaint.

## **BACKGROUND**

Plaintiff Reliable Carriers provides automobile transportation services throughout the United States. Complaint, ¶ 6. Defendant MovingSites develops and manages websites "in niche industries or locations, that create a central hub for community generated content." *Id*. at ¶ 7. One such website is www.transportreviews.com ("TransportReviews"). *Id*. at ¶ 8.

Plaintiff has a registered trademark for the name "Reliable Carriers." *Id*. at ¶ 2, 13. Plaintiff has identified itself using the Mark since 1983 and uses the Mark in advertising campaigns and promotional efforts. *Id*. at ¶ 12-13. This Mark is widely recognized by consumers in the transportation industry and has acquired substantial value and fame in the United States. *Id*. at ¶ 14-15. It is also distinctive, allowing customers to recognize that services

1

provided under the Mark were performed by Plaintiff. *Id*. at ¶ 15. Plaintiff has never authorized Defendant to use its Mark. *Id*. at ¶ 16.

A visitor to TransportReviews can find reviews and contact information for businesses with similar names to Plaintiff. *Id*. at ¶ 20. A search for "Reliable" on the site generates 19 listings. *Id*. Some of these listings include the names and business information of companies infringing on Plaintiff's Mark, such as RCT Reliable Car Transport LLC, Reliable Auto Shippers, Reliable Auto Transport Carriers, and Reliable Elite Auto Carriers. *Id*. at ¶ 17-18. A visitor to TransportReviews can also find customer reviews. *Id*. at ¶ 26. There is at least one instance in which it appears that a review for an infringing company, BK Reliable Transport, Inc., may have actually been intended for Plaintiff. *Id*.

When Plaintiff became aware of the listings of infringing businesses on Defendant's site, Plaintiff contacted Defendant and requested that the infringing uses cease, *Id*. at ¶ 28-29. Since then, Defendant has continued to actively advertise its business and display the infringing uses on its website. *Id*. at ¶ 30.

On March 28, 2017, Plaintiff filed suit against Defendant, alleging federal claims for trademark infringement, 15 U.S.C. § 1125(a), and trademark dilution, 15 U.S.C. § 1125(c), and a state law trademark infringement claim, M.C.L. § 429.42. After Defendant moved to dismiss (Doc. # 13), Plaintiff filed its first amended complaint on August 31, 2017 (Doc. # 15). Defendant has again moved to dismiss (Doc. # 16) and Plaintiff has responded (Doc. # 19). The Court held a hearing on this matter on February 8, 2018.

**STANDARD OF DECISION**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the

complaint fails to state a claim upon which relief can be granted. The Court must construe the complaint in the light most favorable to the plaintiff and accept its allegations as true. *DirectTV, Inc. v. Treesh*, 487 F3d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, the complaint must offer sufficient factual allegations that make the asserted claims plausible on their face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

### I. Request to Consider Matters Beyond the Complaint

Before reaching the merits, the Court shall resolve a procedural matter–whether the Court should consider a declaration attached to Defendant's Motion to Dismiss when reaching its decision on the merits. Ordinarily, a "district court is not permitted to consider matters beyond the complaint." *Mediacom Southeast LLC v. BellSouth Telecomm., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). There is an exception, however, for exhibits attached to a motion to dismiss, "so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l. Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008). But the Court may only consider such materials if it is clear that they involve no disputed issues of material fact. *See MediaCom Southeast*, 672 F.3d at 400.

That is not the case here. The complaint does not refer to this declaration, which was made months after the complaint was filed. And the complaint's reference to the TransportReviews website does not permit the Court to consider the declaration. The declaration does not merely reproduce the website but instead contains factual allegations about how

Defendant operates the website and about the nature of Defendant's relationships, or lack thereof, with the companies that are infringing on Plaintiff's trademark. These allegations, which Plaintiff disputes, are material to Plaintiff's claims and cannot be considered by the Court at this stage. Thus, the Court shall not consider the declaration or any other factual allegations that are extraneous to the complaint.

## II. Plaintiff's Trademark Infringement Claims

Turning to the merits, Plaintiff first alleges trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a). To state a claim, Plaintiff "must allege facts establishing that: (1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). This same standard applies to Plaintiff's state law trademark infringement claim. *See Gen. Motors Corp. v. Keystone Auto. Indus., Inc.*, 453 F.3d 351, 354 (6th Cir. 2006).

The parties address two methods for showing liability in a trademark infringement case: direct infringement and contributory liability. The former is the hallmark of the usual trademark case, in which "the defendant is using a mark to identify its goods that is similar to the plaintiff's trademark." *Interactive Prods. Corp. v. a2z Mobile Office Solutions, Inc.*, 326 F.3d 687, 695 (6th Cir. 2003). The latter allows for contributory liability against a defendant who has knowingly facilitated the direct infringement of another. *See Coach, Inc. v. Goodfellow*, 717 F.3d 498, 505 (6th Cir. 2013).

Beginning with direct infringement, Defendant argues that Plaintiff has failed to sufficiently allege that Defendant uses the Mark. To state a claim, Plaintiff must allege that Defendant has used the same or similar mark as a trademark. *Rock and Roll Hall of Fame and*

4

*Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). If Defendant is only using the mark "in a 'non-trademark' way–that is, in a way that does not identify the source of a product–then trademark infringement . . . laws do not apply." *Interactive Prods*, 326 F.3d at 695.

On this point, the Sixth Circuit has consistently asked whether the "defendants are using the challenged mark in a way that identifies the source of their goods." *Id*.; *see also OakLawn Jockey Club, Inc. v. Kentucky Downs LLC*, 687 F. App'x 429, 432 (6th Cir. 2017) ("[W]e ask whether Defendants are using Plaintiffs' trademarks to identify the source of Defendants' product."); *Hensley*, 579 F.3d at 610 (stating the preliminary question is "whether the defendants are using the challenge mark in a way that identifies the source of their goods.") (quotation marks omitted). Not so here. Defendant has merely used the Mark to describe facts–the names of various businesses listed on its website. And Plaintiff has not pleaded facts from which the Court could infer that Defendant is using the Mark to identify its own goods.

In response, Plaintiff notes that *Interactive Products* states that "non-trademark" use is use "that does not identify the source of *a* product." 326 F.3d at 695 (emphasis added). This, Plaintiff contends, means that because the infringing businesses use its Mark in a trademark way–identifying the goods or services they provide–Defendant also uses the Mark in a trademark way when it lists those businesses on its website. But Plaintiff identifies no case that has applied *Interactive Products* in this manner. Indeed, imposing liability in such circumstances opens the door to trademark infringement suits against any online marketplace that inadvertently lists infringing products or services on its website. This theory would also swallow contributory liability claims whole; a defendant that lists the names of infringing companies or products on its

5

website would still be liable no matter if it knew of the infringement and facilitated the same. But if this were the case, the Sixth Circuit's endorsement of the contributory liability theory in trademark infringement cases would have been superfluous. *See Goodfellow*, 717 F.3d at 503. Thus, the more appropriate approach is the one that the Sixth Circuit has previously articulated; the Court asks whether Defendant has used the mark in a way that identifies the source of *its* goods. And Plaintiff has not made that showing here.

But this conclusion does not end the inquiry. The Court must also consider whether Plaintiff has stated a claim for contributory trademark infringement. To state a claim, Plaintiff must first establish underlying direct infringement. *See Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 163 (4th Cir. 2012). Once established, contributory liability for that infringement may be imposed where a party "knew or had reason to know of the infringing activities" but "continued to facilitate those activities . . . without undertaking a reasonable investigation or taking other appropriate remedial measures."[1] *Goodfellow*, 717 F.3d at 505 (holding the defendant was liable for contributory infringement when he knew or had reason to know of counterfeit sales by vendors at his flea market and continued to facilitate those sales by providing space and storage units to vendors without undertaking a reasonable investigation or taking other appropriate remedial measures."). This same reasoning applies to internet marketplaces. *See Rosetta Stone*, 676 F.3d 163-65 (holding a question of fact existed on the plaintiff's contributory infringement claim where the plaintiff notified Google of numerous advertisements for counterfeit products but Google continued to allow the same advertisers to

---

[1] Contributory liability may also be imposed where a party "intentionally induces another to infringe a trademark." *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 854 (1982). Plaintiff has made no such allegation here.

use the plaintiff's trademarks as keyword triggers).

The complaint satisfactorily alleges underlying direct infringement by the companies with listings on TransportReviews. Plaintiff alleges sufficient facts to show that it owns the registered trademark "Reliable Carriers," that the names of several other businesses listed on TransportReviews infringe on that trademark, and that their use is likely to cause confusion.

Plaintiff has also sufficiently alleged that Defendant knew or had reason to know of this infringement and continued to facilitate it without taking appropriate remedial measures. The complaint alleges that Defendant published the names and business information of the infringing businesses on TransportReviews. Defendant's response–that it is not responsible for the business reviews on its website, which are entered by customers–is a factual allegation outside the scope of the complaint. In light of the publication, Plaintiff contacted Defendant to request that it stop displaying the infringing marks on TransportReviews and that the display was actionable trademark infringement. From this, the Court can reasonably infer that, at that time, Defendant knew or had reason to know that those listings were infringing activities. Despite this knowledge, and the ability to remove the listings, Defendant continued to permit the infringing listings to be displayed on its website, thereby facilitating the infringement. *See Goodfellow*, 717 F.3d at 504 (holding flea market operator facilitated infringement by continuing to rent spaces to vendors that he know, or should have known, were engaging in infringing activity). These allegations, taken as true and in the light most favorable to Plaintiff, are sufficient to permit the Court to draw the reasonable inference that Defendant is liable for contributory infringement. *Cf. Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 106-07 (2d. Cir. 2010) (holding contributory liability did not apply where eBay promptly removed challenged listings).

Therefore, the Court shall deny the Motion to Dismiss as to the trademark infringement claims in Counts One and Three.

### III. Plaintiff's Trademark Dilution Claim

Plaintiff also brings a federal trademark dilution claim. 15 U.S.C. § 1125(c). To state a claim, Plaintiff must allege that its mark (the senior mark) is famous and distinctive and that use of the junior mark was in commerce, began subsequent to the senior mark becoming famous, and caused dilution of the senior mark's distinctive quality. *AutoZone, Inc v. Tandy Corp.*, 373 F.3d 786, 802 (6th Cir. 2004).

For a direct trademark dilution claim, Plaintiff must show that Defendant used the junior marks–the infringing uses by other businesses–in a trademark way. *See Kassa v. Detroit Metro Convention & Visitors Bureau*, 150 F.Supp.3d 831, 841 (E.D. Mich. 2015) ("[W]here a defendant has used a mark in a non-trademark way, a plaintiff cannot maintain a claim for federal trademark dilution."). As discussed above, Defendant used Plaintiff's mark in a non-trademark way when it merely listed the names of certain businesses on its website. Therefore, Plaintiff cannot show that Defendant used the junior mark in a trademark way.

But has Plaintiff stated a claim under a contributory liability theory? Although the Sixth Circuit has not directly recognized this theory, the parties agree it exists. And several other district courts have recognized it, commenting that it "comports with the policy concerns underlying the Trademark Dilution Act." *Coach, Inc. v. Farmers Market & Auction*, 881 F.Supp.2d 695, 705 (D. Md. 2012) (citing cases); *see also Coach, Inc. v. Swap Shop, Inc.*, 994 F.Supp.2d 192, 202 (S.D. Fl. 2012) (holding that Coach stated a claim for contributory trademark dilution). And the existence of this theory logically follows from Judge McKeague's

8

opinion recognizing contributory trademark infringement in *Goodfellow*. Indeed, contributory dilution is extremely similar to contributory infringement; the theory requires Plaintiff to show that Defendant either encouraged others to dilute or facilitated conduct that it knew or should have known caused trademark dilution. *See Farmers Market & Auction*, 881 F.Supp.2d at 705. And in this case, viewing the allegations in the complaint in the light most favorable to Plaintiff, the Court can reasonably infer that Defendant is liable for contributory dilution. Thus, Plaintiff has stated a claim in Count Two.

## CONCLUSION

For the reasons above, IT IS ORDERED that Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: February 21, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 21, 2018, by electronic and/or ordinary mail.

s/Jennifer McCoy<br>
Case Manager