## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

RELIABLE CARRIERS, INC.,

      Plaintiff,

                            Case No. 2:17-cv-10971

v.

                            Judge Sean F. Cox
                            Mag. Judge David R. Grand

MOVING SITES, LLC,

      Defendant.

---

## DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT,
## AFFIRMATIVE DEFENSES, COUNTERCLAIM

---

Defendant, MOVING SITES, LLC. (hereinafter "Defendant" or "Moving Sites"), by and through its attorneys, Harness, Dickey & Pierce, P.L.C., hereby files its answers to the First Amended Complaint filed by Plaintiff, RELIABLE CARRIERS, INC. (hereinafter "Plaintiff" or "Reliable"), Affirmative Defenses and Counterclaim as follows:

### NATURE OF THE ACTION

1.    The allegations contained in Paragraph 1 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that it has infringed or taken any action that dilutes any valid and

1

enforceable trademark, denies that Plaintiff has a famous trademark and denies that Plaintiff is entitled to its requested relief.

2.      The allegations contained in Paragraph 2 are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to own rights in a trademark consisting of the term RELIABLE CARRIERS, INC. Defendant denies Plaintiff owns any valid trademark rights in the term "RELIABLE" alone and denies that Plaintiff's RELIABLE CARRIERS, INC. mark is famous.  Defendant further denies that it has taken any action that gives rise to any cause of action. Defendant further denies that it has published or promoted business names that are allegedly "confusingly similar to Reliable's famous and distinctive Mark to further Defendant's business." Specifically, Defendant denies that it has engaged in any "publication" or "promotion" as the information on Defendant's www.transportreviews.com website is provided by third parties.  To the extent not otherwise expressly admitted or denied, Defendant denies the allegations contained in Paragraph 2 of the First Amended Complaint.

3.      Defendant denies that it has engaged in any activity, in this district or otherwise, that gives rise to any liability for infringement of the trademark asserted in this case. Specifically, Defendant denies that any of its activities violate any rights in any trademark held by Plaintiff. To the extent not otherwise expressly

2

admitted or denied, Defendant denies that allegations contained in Paragraph 3 of the First Amended Complaint.

4.      Defendant denies that it has engaged in any activity, in this district or otherwise, that gives rise to any liability for dilution of the trademark asserted in this case. Specifically, Defendant denies that any of its activities violate or dilute any rights in any trademark held by Plaintiff. To the extent not otherwise expressly admitted or denied, Defendant denies that allegations contained in Paragraph 4 of the First Amended Complaint.

5.      Defendant denies the allegations contained in Paragraph 5 of the First Amended Complaint. Specifically, Defendant denies that it has engaged in a "use of the Mark" sufficient to impose liability under the Lanham Action or laws of the State of Michigan.

## THE PARTIES

6.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the matters alleged in Paragraph 6 of the First Amended Complaint, and on that basis denies them.

7.      Defendant admits that it is an Ohio limited liability company. Defendant admits that it develops websites for community-generated content. Defendant denies the remaining allegations contained in Paragraph 7 of the First Amended Complaint.

3

8.    Defendant admits that developed the www.transportreviews.com website. Defendant denies the remaining allegations contained in Paragraph 8 of the First Amended Complaint.

## JURISDICTION AND VENUE

9.    Defendant admits that Plaintiff's Complaint purports to state a cause of action for infringement of a United States trademark, but denies that it states a cause of action and further denies any wrongdoing or liability for the reasons stated herein.  Defendant admits that this Court has subject matter jurisdiction under 15 U.S.C. §§ 1121 and 1125(d) and 28 U.S.C. §§1331, 1337 and 1338(a).  Except as expressly admitted herein, Defendant denies the allegations of Paragraph 9 of the First Amended Complaint.

10.    Defendant admits, solely with respect to this litigation and with respect to Defendant, that venue is technically proper in this Court under Title 28 of the United States Code.  Defendant denies that this forum is convenient for all parties involved. To the extent a further response is required, Defendant denies all remaining allegations contained in Paragraph 10 of the First Amended Complaint.

## {Alleged} FACTS ENTITLING RELIABLE TO RELIEF

**A.     Reliable's Widespread and Substantial Use of the Mark**

11.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the matters alleged in Paragraph 11 of the First Amended Complaint and on that basis denies them.

12.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the matters alleged in Paragraph 12 of the First Amended Complaint and on that basis denies them.

13.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the matters alleged in Paragraph 13 of the First Amended Complaint and on that basis denies them.

14.     The allegations contained in Paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, Defendant states that it lacks knowledge and information sufficient to form a belief as to the truth of the matters alleged in Paragraph 14 of the First Amended Complaint and on that basis denies them.

15.     The allegations contained in Paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's RELIABLE CARRIERS, INC. mark is distinctive and recognized by consumers. To the extent a further response is required, Defendant

states that it lacks knowledge and information sufficient to form a belief as to the truth of the matters alleged in Paragraph 15 of the First Amended Complaint and on that basis denies them.

### B.    Defendant's {Alleged} Unlawful Uses of Plaintiff's Mark

16.    Defendant denies that it has posted the accused content on the www.transportreviews.com website. Instead, to the best of its knowledge, all accused content is posted by third-party consumers. Defendant denies that it controls any entity that has posted allegedly "infringing material" and further denies that it has caused the allegedly infringing materials to be posted by others. To the extent not denied above, Defendant denies all remaining allegations contained in Paragraph 16 of the First Amended Complaint.

17.    Defendant denies that it has posted any of the allegedly infringing content on the www.transportreviews.com website. Instead, to the best of its knowledge, all allegedly infringing content is posted by third-party consumers. To the extent not denied above, Defendant denies all remaining allegations contained in Paragraph 17 of the First Amended Complaint.

18.    Defendant denies the allegations contained in Paragraph 18 of the First Amended Complaint.

19.    Defendant denies the allegations contained in Paragraph 19 of the First Amended Complaint.

6

20.     Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the First Amended Complaint and on that basis denies them.

21.     Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the First Amended Complaint and on that basis denies them.

22.     Defendant denies that the listing for Angie's Reliable Transportation has a link to Angie's website, displays Angie's phone number or license number. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the First Amended Complaint due to the vagueness of the reference to "many of the listings…" and on that basis denies them.

23.      Defendant admits that its www.transportreviews.com website allows users to submit an inquiry for quotes for transporting vehicles.  Defendant admits that it receives some revenue associated with the "Get Quotes" feature of its website, but denies that it has received any revenue from any of the allegedly infringing listings and/or companies.  Defendant specifically denies that any of the allegedly infringing companies have ever offered a quote to any potential customer through the "Get Quotes" feature of www.transportreviews.com.  To the extent not

otherwise admitted or denied above, Defendant denies all remaining allegations contained in Paragraph 23 of the Complaint.

24.    Defendant denies the allegations contained in Paragraph 24 of the First Amended Complaint.

25.    Defendant denies the allegations contained in Paragraph 25 of the First Amended Complaint.

26.    Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the First Amended Complaint and on that basis denies them.

27.    Defendant denies that its activities give rise to any cause of action, and denies that its activities constitute infringement of Plaintiff's asserted trademark. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the First Amended Complaint and on that basis denies them.

28.    Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the First Amended Complaint and on that basis denies them.

29.    Defendant denies that its activities give rise to any cause of action, and denies that its activities constitute infringement of Plaintiff's asserted trademark.  Defendant admits that it received a communication from attorneys

8

purporting to represent Plaintiff on or around November 2016 with reference to the alleged infringing companies. Defendant denies all remaining allegations contained in Paragraph 29 of the First Amended Complaint.

30.    Defendant denies that its activities give rise to any cause of action, and denies that its activities constitute infringement of Plaintiff's asserted trademark.  Defendant further denies all remaining allegations contained in Paragraph 30 of the First Amended Complaint.

31.    Defendant denies that its activities give rise to any cause of action, and denies that its activities constitute infringement of Plaintiff's asserted trademark.  The statements contained in the declaration of Andy Wash (Dkt. 13-2) speak for themselves and Defendant denies any characterizations that are inconsistent with the text of that declaration. Defendant denies all other allegations contained in Paragraph 31 of the First Amended Complaint.

32.    Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's RELIABLE CARRIERS, INC. trademark is famous. Further, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 32 of the First Amended Complaint and on that basis, denies them.

33.     Defendant denies that its activities give rise to any cause of action, and denies that its activities constitute infringement of Plaintiff's asserted trademark.  Defendant further denies the allegations contained in Paragraph 33 of the First Amended Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the First Amended Complaint.

35.      Defendant admits that advertisements appear on its www.transportreview.com website.  Defendant denies that any of the advertisements promote any of the allegedly infringing companies.  Defendant otherwise denies the allegations contained in Paragraph 35 of the First Amended Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the First Amended Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the First Amended Complaint. Defendant specifically denies that it has "posted" the allegedly infringing content on its www.transportreviews.com website because that content is created and posted by third-party consumers. Defendant further denies that Plaintiff's RELIABLE CARRIERS, INC. mark is distinctive and/or is famous. Defendant denies that its activities give rise to any cause of action, including infringement of Plaintiff's asserted trademark.

10

38.     Defendant denies the allegations contained in Paragraph 38 of the First Amended Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the First Amended Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the First Amended Complaint.

## COUNT I

### ({Alleged} Federal Trademark Infringement and Unfair Competition in Violation of Section 43(a) of the Lanham Act)

41.     Defendant incorporates by reference its responses to Paragraphs 1 – 40 as if fully set forth herein.

42.     Defendant denies the allegations contained in Paragraph 42 of the First Amended Complaint. Specifically, Defendant denies that it has made any "use" or "use in commerce" of Plaintiff's trademark required to establish liability for infringement under Section 43(a) of the Lanham Act. Defendant further denies that its activities give rise to any cause of action, and, denies that its activities constitute infringement of Plaintiff's asserted trademark.

43.     Defendant denies the allegations contained in Paragraph 43 of the First Amended Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the First Amended Complaint.

11

45.     Defendant denies the allegations contained in Paragraph 45 of the First Amended Complaint.

## COUNT II

## ({Alleged} Federal Trademark Dilution in Violation of Section 43(c) of the Lanham Act)

46.     Defendant incorporates by reference its responses to Paragraphs 1– 45 as if fully set forth herein.

47.     Defendant denies the allegations contained in Paragraph 47 of the First Amended Complaint. Specifically, Defendant denies that it has made any "use" or "use in commerce" of Plaintiff's trademark required to establish liability for dilution under Section 43(c) of the Lanham Act pursuant to controlling Sixth Circuit law. Defendant further denies that its activities give rise to any cause of action, and, denies that its activities constitute infringement or dilution of Plaintiff's asserted trademark.

48.     Defendant denies the allegations contained in Paragraph 48 of the First Amended Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the First Amended Complaint.

**COUNT III**
**({Alleged} Trademark Infringement in Violation of**
**Mich. Comp. Laws § 429.42)**

50.     Defendant incorporates by reference its responses to Paragraphs 1– 49 as though fully set forth herein.

51.     Defendant denies the allegations contained in Paragraph 51 of the First Amended Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the First Amended Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the First Amended Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the First Amended Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

The allegations in the paragraphs 1-8 below the "Prayer for Relief" heading, are legal conclusions to which no response is required. To the extent any further response is required, Defendant denies the underlying averments of Plaintiff's Prayer for Relief, denies that Plaintiff is entitled to any relief whatsoever, and request that the Court deny all relief to Plaintiff and enter judgment in favor of

Defendant.  To the extent any averments of the Prayer for Relief require any further response, Defendant denies them.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Defendant alleges as follows:

### First Affirmative Defense: Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted because Defendant has not performed any act, and is not proposing to perform any act, in violation of any rights validly belonging to Plaintiff. Notably, Defendant has not used, or used in commerce, or contributed to any third-party use of the RELIABLE CARRIERS, INC. trademark as defined by the Lanham Act.

### Second Affirmative Defense: Non-Infringement

Defendant does not infringe and has not infringed, either directly, indirectly, contributorily, or by inducement, any trademark owned, or asserted by, Plaintiff, willfully or otherwise.

### Third Affirmative Defense:  No Direct Infringement

The alleged third-party direct infringers have not and do not directly infringe on any trademark rights of Plaintiff.

### Fourth Affirmative Defense: Estoppel

Plaintiff is estopped from asserting any rights in the unitary term "Reliable" due to conduct and arguments made in prosecuting Plaintiff's U.S. Trademark Registration No. No. 3,771,457 for RELIABLE CARRIERS, INC.  Specifically, as filed, Plaintiff's '457 Registration initially sought to register the term "RELIABLE CARRIERS."   Plaintiff's '457 application initially disclaimed the term "Reliable." During prosecution, Plaintiff amended its mark from "RELIABLE CARRIERS" to "RELIABLE CARRIERS, INC." Plaintiff's original disclaimer and subsequent amendment, surrendered any rights in the terms "reliable" or "reliable carriers" alone.  As a result, Plaintiff is estopped from asserting claims against Defendant based on the use of the term "reliable" or "reliable carriers."

### Fifth Affirmative Defense: Innocent Infringement

Plaintiff's claims are barred, in whole or in part, because any infringement was innocent.

### Sixth Affirmative Defense: Fair use

Plaintiff's claims are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive fair use.

## **Seventh Affirmative Defense: No Causation**

Plaintiff's claims against Defendant are barred because Plaintiff's damages, if any, were not caused by Defendant.

## **Eighth Affirmative Defense: No Damages**

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## **Ninth Affirmative Defense: Lack of Irreparable Harm**

Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's actions.

## **Tenth Affirmative Defense: 1st Amendment**

The claims made in the Complaint are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

## **Eleventh Affirmative Defense: Available remedy at law**

The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

### Twelfth Affirmative Defense: Actions of Others

The claims made in the Complaint are barred, in whole or in part, because Defendant is not liable for the acts of others over whom it has no control.

### Thirteenth Affirmative Defense: Communications Decency Act

Defendant's actions are protected by the provisions of the Communications Decency Act, 47 U.S.C. § 230.

### Fourteenth Affirmative Defense: Invalid Trademark

The claims made in the Complaint are barred, in whole or in part, because the mark and asserted registration are invalid as generic and/or as merely descriptive without secondary meaning.

### Additional Affirmative Defenses

Defendant's investigation is ongoing and discovery has not been taken. As many relevant facts are likely in the possession of Plaintiff, Defendant reserves the right to amend its Answer, including to assert additional affirmative defenses.

## DEFENDANT'S COUNTERCLAIM

Defendant/Counterclaimant Moving Sites, LLC., in support of the following Counterclaim against Plaintiff Reliable Carriers, Inc., hereby alleges as follows:

### The Parties

1.     On information and belief, Plaintiff Reliable Carriers, Inc. is a Michigan corporation with a principal place of business located at 41555 Koppernick Rd. Canton, MI 48187.

2.     Defendant Moving Sites, LLC is an Ohio limited liability company with a principal place of business located at 12 W. Benson St., Suite 1, Cincinnati, OH 45215.

### Jurisdiction and Venue

3.     This Counterclaim arises under the Lanham Act, 15 U.S.C. §1119 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

4.     Plaintiff claims to be the owner of all right, title, and interest in the trademark RELIABLE CARRIERS, INC., including U.S. Trademark Registration No. 3,771,457 ("the RELIABLE CARRIERS, INC. trademark").

5.     On August 31, 2017, Plaintiff filed a First Amended Complaint in the United States District Court for the Eastern District of Michigan alleging that Defendant infringes the RELIABLE CARRIERS, INC. trademark.

6.      Based on Plaintiff's filing of this action, an actual controversy has arisen and now exists between Defendant and Plaintiff as to whether or not Defendant is liable for infringement of the RELIABLE CARRIERS, INC. trademark.

7.      This Court has subject matter jurisdiction over Defendant's counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202 because there is an actual and justiciable controversy between Defendant and Plaintiff concerning, *inter alia*, infringement of the RELIABLE CARRIERS, INC. trademark.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

9.      Plaintiff has submitted to venue in this Court.

10.      Plaintiff has consented to personal jurisdiction by this Court at least by commencing its action for trademark infringement in this District, as set forth in the Complaint.

## COUNT I
## Cancellation of the '457 Registration under 15 U.S.C. § 1119

11.      Defendant incorporates by reference the averments set forth in Paragraphs 1-10 as though fully set forth herein.

12.      Plaintiff asserts ownership of U.S. Registration No. 3,771,457 for the mark RELIABLE CARRIERS, INC. in International Class 39 for "car transport, transport of goods" ("the '457 Registration"). Exhibit 1.

19

13.    Plaintiff's litigation counsel prosecuted the '457 Registration.

14.    During prosecution of the '457 Registration, plaintiff's counsel included the following disclaimer:

No claim is made to the exclusive right to use "Reliable" or "Carriers" apart from the mark as shown.

Exhibit 2.

15.    Plaintiff's disclaimer is an admission that the terms "reliable" and "carriers" are generic and/or descriptive.

16.    The '457 Registration is subject to cancellation under the provisions of 15 U.S.C. §§ 1064(3) and 1065(4) because it has become a generic name for the goods or services or a portion thereof, for which it is registered."

17.    Further, the term "Reliable Carriers" is generic for Plaintiff's registered "transport of goods" and "car transport" services. Consumers associate the term "Reliable Carriers" with any company that provides dependable transport of goods.

18.    The primary significance of "Reliable Carriers" to the relevant public is a company, or categories of companies, that provide dependable transport of goods.

19.    The generic status of Plaintiff's mark is a valid ground for discontinuing and/or cancelling the '457 Registration.

20.    Defendant has been harmed, and will continue to be harmed by Plaintiff's continued representations and actions that it has received proper and valid registrations from the United States Patent and Trademark Office regarding the RELIABLE CARRIERS, INC. mark.

21.    The District Court is empowered to cancel registrations pursuant to the provisions of 15 U.S.C. § 1119, and should act to cancel the '457 Registration.

## PRAYER FOR RELIEF

Defendant respectfully requests the following relief:

A.    That Plaintiff's First Amended Complaint be dismissed in its entirety with prejudice;

B.    An order cancelling U.S. Registration No. 3,771,457 pursuant to 15 U.S.C. § 1119;

C.    That judgment be entered in favor of Defendant and against Plaintiff;

D.    That Plaintiff be denied all relief requested;

E.    A Declaration that this case is "exceptional" pursuant to 15 U.S.C. § 1117;

F.    An order awarding Defendant is attorneys' fees and costs pursuant to 28 U.S.C. § 1927, due to Plaintiff's counsel's unreasonable and vexatious multiplication of the issues in this case by virtue of maintaining this case against Defendant;

21

G.    That Defendant be awarded its costs and attorneys' fees incurred due to the "exceptional" nature of the case under 15 U.S.C. § 1117; and

H.    That the Court award Defendant such further and additional relief as this Court deems proper.

## JURY DEMAND

Defendant requests a trial by jury of all issues in this case so triable.

Respectfully submitted,

Dated:   March 7, 2018

/s/ Glenn E. Forbis
Glenn E. Forbis (P52119)
Harness Dickey & Pierce, PLC
5445 Corporate Dr., Suite 200
Troy, Michigan  48098
Tel:  248.641.1600
Email:  gforbis@hdp.com

Counsel for Moving Sites, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 7, 2018, a copy of the foregoing was filed and served through the Court's ECF system. All parties may access a copy of this document through the Court's system.

/s/ Glenn E. Forbis
Glenn E. Forbis
*Counsel for Defendant*
*Moving Sites, LLC*

22496916.3