UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Reliable Carriers Inc.,

    Plaintiff,

v.                                                                                              Civil Case No. 17-10971

Moving Sites LLC,                                                         Sean F. Cox
                                                                                                                                  United States District Court Judge

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND GRANTING DEFENDANT'S MOTION TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL**

Defendant has moved for reconsideration of this Court's opinion and order denying its Motion to Dismiss. Alternatively, Defendant seeks an interlocutory appeal. For the reasons below, the Court shall deny Defendant's Motion for Reconsideration. But because the Court's prior opinion and order satisfies the provisions of 28 U.S.C. § 1292(b), the Court shall certify that order to the court of appeals for its consideration.

**BACKGROUND**

Plaintiff Reliable Carriers is a transportation company that has a registered trademark for the name "Reliable Carriers." It has sued Defendant MovingSites, alleging trademark infringement and trademark dilution claims relating to the listing of businesses that are infringing on Plaintiff's mark on the website www.transportreviews.com, which is developed and managed by Defendant.

On February 21, 2018, the Court issued an opinion and order denying Defendant's

1

Motion to Dismiss (Doc. # 23). The Court held that Plaintiff has stated claims for contributory trademark infringement and contributory trademark dilution. Defendant now seeks reconsideration or, alternatively, certification for an interlocutory appeal (Doc. # 24). Because no response or oral argument are permitted on this motion, the Court shall resolve it on the brief submitted. E.D. Mich. LR 7.1(h)(2).

## STANDARD OF DECISION

The Court will not grant a motion for reconsideration that merely presents "the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). Instead, the movant must "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and "that correcting the defect will result in a different disposition of the case." *Id*. A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp.2d 609, 618 (E.D. Mich. 2008).

## ANALYSIS

### I. Motion for Reconsideration

Defendant seeks reconsideration of the Court's contributory trademark infringement analysis. In denying the Motion to Dismiss, the Court concluded that Defendant facilitated the alleged third-party direct infringement by continuing to permit the infringing listings for those businesses to be displayed on its website. Defendant casts this conclusion as erroneous, arguing that the complaint failed to allege that the direct infringer used "the purported contributory infringer's services as a means or instrumentality of the particular acts of direct infringement." Def. Mtn. for Recon., p. 3-4.

This motion, however, merely fleshes out an argument previously presented to the Court. Defendant's reply brief stated: "But the FAC does not allege that any purported direct infringer posted the customer reviews or otherwise caused its name to appear on the TransportReviews website. To the contrary, customer reviews are presumably entered by customers. In short, the FAC fails to identify a single action by a purported direct infringer that Moving Sites 'facilitated.'" Def. Reply., p. 5. And the Court's opinion and order rejected this argument. Reconsideration is not the appropriate vehicle for Defendant to attempt to bolster its previous argument. *See* E.D. Mich. LR 7.1(h)(3).

This argument also fails on its merits. True, Defendant correctly identifies a common thread between previous contributory infringement cases. In each, the third-party direct infringers used, on their own initiative, the contributory infringer's services as a means for their own infringement. *See, e.g., Coach, Inc. v. Goodfellow*, 717 F.3d 498, 504 (6th Cir. 2013) (flea-market vendors); *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 163-65 (4th Cir. 2012) (internet advertisements); *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 942-43 (9th Cir. 2011) (website); *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 106-07 (2d Cir. 2010) (internet marketplace). And it is also true that this case stands apart; the complaint contains no allegations that the third-party infringers caused their names and business information to be listed on TransportReviews. But this difference is not fatal to Plaintiff's claim.

Defendant's argument mistakes a sufficient condition for a necessary one. Nothing in *Goodfellow*, the controlling case, explicitly requires "direct use" by a third-party infringer as a prerequisite to facilitation. *See Goodfellow*, 717 F.3d at 504-05. And for good reason. An advertising platform, like Defendant's website, can facilitate a third-party's infringement of a

trademark by displaying that company's information and enabling customer access to its goods or services. This is true even if the third-party infringer did not itself seek to advertise on the platform. And the complaint here alleges that Defendant displayed listings for third-party infringers and continued to do so despite being notified that the listings infringed on Plaintiff's Mark. These listings provide users of the website with a host of information about those companies: their contact information, user reviews, and the opportunity to get a quote. Sought by the direct infringers or not, Defendant supplied its services to them even after it knew or had reason to know that they were engaging in trademark infringement. *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 854 (1982); *see also Rosetta Stone*, 676 F.3d at 163 ("[T]he defendant must supply its product or service to 'identified individuals' that it knows or has reason to know are engaging in trademark infringement."). Defendant's decision to do so facilitates their direct infringement. Thus, Defendant has not shown a palpable error and the Court shall deny its Motion for Reconsideration.

### III. Interlocutory Appeal

Alternatively, Defendant asks this Court to certify the contributory infringement issue for interlocutory appeal. This decision is left to the Court's sound discretion. *See Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995). But interlocutory appeals should be granted "sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (internal quotations omitted). The Court may permit an interlocutory appeal if its "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292. Each of these requirements are satisfied here.

*Controlling Question of Law*. "A legal issue is controlling if it could materially affect the outcome of the case." *City of Memphis*, 293 F.3d at 350. That is the case here. Whether Defendant can be held liable under a contributory liability theory is the dispositive issue.

*Substantial Grounds for Difference of Opinion*. This factor is satisfied when "there is conflicting authority on an issue." *Chrysler Group LLC v. South Holland Dodge, Inc.*, 862 F.Supp.2d 661, 688 (E.D. Mich. 2012). This occurs when an issue: (1) is difficult and of first impression; (2) a difference of opinion exists within this circuit; or (3) there is a circuit split. *Id*. Although the Court disagrees with Defendant's analysis of the relevant case law, Defendant is correct that this case involves a difficult issue applied to a novel factual scenario. The allegations in the complaint are factually distinguishable from both the controlling case (*Goodfellow*) and the contributory infringement cases from other circuits. On this basis, the Court finds that there is a substantial ground for a difference of opinion on whether Defendant can be held contributorily liable for the alleged direct trademark infringement here.

*Materially Advancing the Termination of Litigation*. Finally, the Court concludes that an immediate appeal will materially advance the ultimate termination of this litigation. This case is still at an early stage; it has only been pending for about a year and discovery has not begun. And because it centers around a single legal issue, an interlocutory appeal resolved in Defendant's favor will end the case.

Accordingly, the Court finds that its opinion and order denying Defendant's Motion to Dismiss satisfies the provisions of § 1292 and therefore should be certified to the court of appeals for its consideration.

## CONCLUSION

For the reasons above, the Court **ORDERS** that Defendant's Motion for Reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to certify the Court's order denying Defendant's Motion to Dismiss for interlocutory appeal is **GRANTED**. The Court shall also **STAY** this case for a period of thirty (30) days, until **April 26, 2018**, to permit Defendant to file a motion in the United States Court of Appeals for the Sixth Circuit for permission to appeal under Rule 5 of the Federal Rules of Appellate procedure. If no such motion is filed within that time, the stay will be dissolved. If such a motion is filed, the stay will continue until the motion is resolved by the court of appeals.

**IT IS SO ORDERED**.

                                            s/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated: March 27, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2018, by electronic and/or ordinary mail.

                                            s/Jennifer McCoy
                                            Case Manager